OPINION OF THE COURT
John W. Sweeny, J.
This is a proceeding within the scope of article 16 of the Election Law, styled by petitioner as an action seeking a declaratory judgment concerning the statutory right of the *370 respondent to have his name placed on a ballot for the May 2, 1978 Port Jervis School Board election.
Respondent is a candidate for one of three open positions on said school board. The candidates receiving the two highest number of votes will fill five-year terms commencing July, 1978. The candidate receiving the third highest number of votes will fill a vacant position on the board commencing May 2, 1978.
Respondent is presently employed as a teacher in the Port Jervis School District and by virtue of this employment is ineligible to sit as a member of that school board (Education Law, § 2103, subd 4). However, on April 4, 1978, approximately one week before filing his nominating petition, respondent submitted his letter of resignation to the board which was to take effect 30 days from that date in accordance with the provisions of section 3019-a of the Education Law.
The issue in this proceeding arises as a result of the mandate of section 6-122 of the Election Law which provides in part that, "A person shall not be designated or nominated for a public office * * * (3) who, if elected will not at the time of commencement of such office, meet the constitutional or statutory qualifications thereof’ (emphasis added). When the 30-day notice period is calculated (General Construction Law, § 20), it appears that respondent will continue to be an employee of the school district until May 4, 1978, two days past the time of commencement of the term of the candidate who places third in the election.
While the court is aware that if the respondent places first or second, or for that matter finishes fourth or below in the balloting, the question of respondent’s right to have his name appear on the ballot would be academic (so to speak). However, since there is a probability that he could finish third, there is a justiciable controversy which must be entertained by the court.
Turning then to the merits, the court is persuaded to hold that under the facts presented, the respondent is entitled to have his named placed on the May 2, 1978 ballot.
As this court reads respondent’s papers and understands his counsel’s arguments, the resondent has made an irrevocable decision to resign from his present position and it has not been his intention to attempt to circumvent the statutory restrictions against a school district employee becoming a member of that district’s school board. Therefore, the voters of *371 this school district are not being presented with a candidate who, because of a pre-existing ineligibility makes his candidacy only an illusion (Matter of Brayman v Stevens, 54 Misc 2d 974, affd 28 AD2d 1090, affd 20 NY2d 868; Matter of Burns v Wiltse, 303 NY 319). If, as it is apparently his intention the respondent unilaterally terminates his employment two days before the 30 days required by the statute, he will be eligible to sit on the school board at the time of commencement of the term beginning May 2, 1978. While this court does not condone such action, it seems clear that a teacher can with good cause terminate his employment with less than 30 days’ notice. However, by doing so he may subject himself to being penalized (Education Law, § 3019; 8 Ed Dept Rep 31; 7 Ed Dept Rep 63).
In any case, since it appears that the respondent will no longer be an employee of the Port Jervis School District on May 2, 1978, he will be eligible to sit as a member of its board on that date. Therefore, the court declares that respondent is eligible to run for any of the three positions to be placed before the voters on May 2, 1978.