■ PRUDENCE J. CAMARDO et al., Appellants, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT et al., Respondents. (And Another Action.)—Judgment unanimously affirmed, with costs. Memorandum: By chapter 359 of the Laws of 1915, chapter 547 of the Laws of 1918 and chapter 519 of the Laws of 1922, the City Charter of Rochester was amended to bring lands formerly a part of the Towns of Greece and Brighton within the city boundaries. Permission was granted to children in unannexed school districts, whose school facilities were annexed, to attend Rochester city schools without payment of tuition. The tuition-free attendance of these nonresident children continued until enactment of chapter 125 of the Laws of 1975 (May, 1975 Act). The May, 1975 Act provides that these unannexed school districts be abolished and added to existing central school districts; that the city school district guarantee seats to all students from the abolished districts and their siblings, enrolled in city schools as of May 31, 1975; that the property owners in

the abolished districts be required to pay the taxes of the appropriate central school district at the rate of 20% the first year, increasing by 20% each year to 100% the fifth year; and that the State pay 2.5 million dollars to the central school district for revenues lost by operation of these tax exemptions. Plaintiffs brought this action alleging that the earlier legislation created a contract which promised them the right to maintain their own school districts and the right to attend city schools tuition free, and that the contract could not be repudiated by the May, 1975 Act. Plaintiffs contend that the May, 1975 Act unconstitutionally impairs the obligation of contract, and, in the alternative, they challenge its validity on four different constitutional grounds. At the close of plaintiffs' case, defendants moved for declaratory judgment. The court granted defendants' motion and entered judgment dismissing the complaint, holding that plaintiffs failed to prove a breach of any contractual obligation between the city, State and affected homeowners; that plaintiffs failed to prove any cause of action against defendants; and that the provisions of the May, 1975 Act are not violative of either the Constitution of the United States or the State of New York. In determining whether subsequent legislation impairs the obligation of a contract, the essential question is the existence of a contractual relation *(Cook v City of Binghamton,* 48 NY2d 323). While the presumption against the existence of a contract is stronger where plaintiff relies upon general rather than special legislation, the elements necessary to a contractual agreement must still be shown; i.e., that the language and circumstances manifest a legislative intent to create private rights of a contractual nature enforceable against the State, and that contractual elements such as bargained-for exchange between the parties, consideration and detrimental reliance exist *(Cook v City of Binghamton, supra; Pennsylvania R. R. Co. v State of New York,* 11 NY2d 504; *People v Brooklyn Garden Apts.,* 283 NY 373). Plaintiffs failed to prove any of the elements necessary to a contractual relation; therefore, their claim of contract impairment fails. Plaintiffs' constitutional challenge of certain provisions of the May, 1975 Act appears to be an attempt to invalidate the reorganization provision as unconstitutional by association, since they claim that it would not be severable from the alleged unconstitutional portions. The challenges are without merit and, even had they been found otherwise, the severability clause of the act would allow the reorganization plan to stand apart. (Appeals from judgment of Monroe Supreme Court—declaratory judgment.) Present—Simons, J. P., Hancock, Jr., Schnepp, Callahan and Moule,, JJ.·