In the Matter of BLOSSOM LIPPMAN et al., Respondents, v BOARD OF EDUCATION OF THE SEWANHAKA CENTRAL HIGH SCHOOL DISTRICT, Appellant, et al., Respondents.

Third Department, November 29, 1984

APPEARANCES OF COUNSEL

*Douglas E. Libby* for appellant.

*Robert D. Clearfield* (*Harold G. Byer, Jr.,* of counsel), for Blossom Lippman and others, respondents.

*Robert Abrams, Attorney-General* (*John Q. Driscoll* and *William J. Kogan* of counsel), for Edward V. Regan, State Comptroller, *amicus curiae.*

### OPINION OF THE COURT

CASEY, J.

At issue on this appeal is whether the contributions by respondent Board of Education of the Sewanhaka Central High School District to its retired teachers' health insurance premiums constitute contractual pension benefits which may not be impaired under section 7 of article V of the New York State Constitution. We hold that such contributions are not constitutionally protected pension benefits and reverse that portion of Special Term's judgment which granted relief to petitioners.

The record establishes that from 1971 until 1983, respondent school district paid 100% of the cost of the premiums for its retired employees who elected to enroll in the State-wide health insurance plan and 50% of the cost of the premiums for dependents of such retirees. For budgetary reasons, respondent school district voted in 1983 to reduce its payment for insurance premiums to 50% of the cost for its retirees and 35% of the cost for dependents.

Section 7 of article V of the State Constitution provides: "After July first, nineteen hundred forty, membership in any pension or retirement system of the state or of a civil division thereof shall be a contractual relationship, the benefits of which shall not be diminished or impaired." Before this provision became operative in 1940, members of a public retirement system did not have vested rights before retirement and, therefore, these inchoate rights could be modified or revoked (*Kleinfeldt v New York City Employees' Retirement System,* 36 NY2d 95, 99). Section 7 of article V of the State Constitution was adopted to remedy this deficiency (see *Public Employees Federation v Cuomo,* 62 NY2d 450, 459). To be entitled to the protection of this constitutional provision, petitioners must establish that the contributions by respondent school district to its retired teachers' health insurance premiums are rights or benefits provided by the retirement system.

The State Teachers' Retirement System is governed by article 11 of the Education Law, which contains a comprehensive plan

for the creation and administration of the various powers, duties, rights and benefits. Significantly, there is no provision therein for contributions to retired teachers' health insurance premiums. Rather, the relevant provisions concerning health insurance for employees and retired employees of the State and participating public employers, such as respondent school district, are contained in article XI of the Civil Service Law. This article sets minimum percentages of the cost of health insurance coverage which must be paid by participating employers (Civil Service Law, § 167, subd 2), and the reduced levels of contribution adopted by respondent school district in 1983 meet these statutory minimium percentages.

In construing subdivision 4 of section 201 of the Civil Service Law, which prohibits collective bargaining concerning the benefits of a public retirement system, the Public Employment Relations Board (PERB) has determined that hospitalization benefits for retirees are negotiable, and the Court of Appeals confirmed PERB's determination, noting that "this item * * * is becoming an increasingly common term of employment in this country" (*Matter of Incorporated Vil. of Lynbrook v New York State Public Employment Relations Bd.,* 48 NY2d 398, 406). We see no basis for reaching a contrary result in this case. The portion of each retiree's health insurance premium contributed by respondent school district is paid directly to the insurer by the school district; no part of that amount comes from the retirement system. The district's decision to reduce its contributions toward the health insurance premiums of its retirees has had no impact on the manner in which its retirees' pensions are calculated; nor has any other benefit of the retirement system been impaired. Since the retirees' contributions toward health insurance premiums must be deducted from their retirement allowance (Civil Service Law, § 16., subd 3), the amount of the retirement allowance actually received by those retirees who elect to continue health insurance coverage is less than it was before respondent school district reduced its contributions, but such a minor and incidental effect does not bring this action within the area protected by the Constitution (see *Cook v City of Binghamton,* 48 NY2d 323, 332).

Indeed, since the effect of this statutory provision, which is for the administrative convenience of the public employer, is to apply part of the retiree's allowance to satisfy an obligation owed by the retiree to the insurer for the portion of the premium not paid by the school district, the retiree's allowance has not been diminished in the sense that the pension fund pays any lesser amount (see *Majauskas v Majauskas,* 61 NY2d 481, 493).

We conclude that section 7 of article V of the State Constitution does not prevent respondent school district from reducing its contributions for retirees' health insurance premiums to the statutory minimum levels.

■ Petitioners also claim a contractual right to continued contributions by respondent school district at the prior level. The record, however, does not support this claim. There is no evidence of any promise, express or implied, by the school district that it would not reduce its contributions for retirees' health insurance premiums. Petitioners concede that while respondent school district's contribution for health insurance premiums for current employees and their dependents has been a negotiable item, the school district's payments towards the premiums for its retirees and their dependents have always been matters of board policy and not subject to negotiation. Finally, respondent school district reduced its payments to the minimum levels expressly provided for by statute (Civil Service Law, § 167, subd 2). Under these circumstances, we see no breach of any contractual obligation by the school district.

MAIN, J. P., MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Judgment modified, on the law, without costs, by deleting the second and third decretal paragraphs and by amending the first decretal paragraph to provide that the petition is dismissed as to all respondents, and, as so modified, affirmed.