Gregory J. Guercio, Esq. Counsel, Plainview-Old Bethpage Central School District
I am writing in response to your request for an opinion as to whether a retired school teacher may serve as a member of the board of education of the school district where she formerly taught.
As stated in your letter, a recently retired teacher has filed a nominating petition to become a candidate for the position of school board member. As a retiree, she currently receives pension and other retirement benefits. Furthermore, the candidate continues to be a dues-paying member of the bargaining agent representing teachers. As such, she is entitled to vote in union elections and on whether to ratify future collective bargaining agreements between the district and the union. You have asked whether under these facts this individual has a prohibited conflict of interest.
An active teacher may not serve as a member of a board of education (Matter of Moritz v Bd. of Education, 60 A.D.2d 161, 169 [4th Dept, 1977]). In the course of approving the teachers' employment contract, a teacher who serves on the school board would have to represent the best interests of the school district in her capacity as a board member, while at the same time, would be voting to represent her own self-interest in her capacity as teacher. We have consistently found that such a duality of interests violates public policy and, therefore, is a conflict of interest (Op Atty Gen Nos. 84-11, 84-34).
Although the immediate case involves a retired teacher, we believe the same policy considerations mentioned above apply. The candidate for the school board no longer teaches, but she remains an active member of the teachers' union. She continues to receive benefits under the collective bargaining agreement. The candidate also continues to vote in union elections and on whether to approve collective bargaining agreements. As with the case of the active teacher, this retired teacher would be approving the contract both as a board member and as a union member. In our opinion, these facts constitute a prohibited conflict of interest, preventing her from becoming a candidate for the school board (Matter ofBoard of Education v Burke, 94 Misc.2d 369, 370 [Sup Ct, Orange Co, 1978]; Ferraro v City School Dist. of Schenectady, 67 Misc.2d 800 [Sup Ct, Schenectady Co, 1972]).
If the retired teacher were to resign from the union, yet continue to receive retirement benefits, we believe the same conflict of interest would be present. Although retirement benefits may have been negotiated and approved by an earlier school board, certain adjustments to the benefits may be made by the current board (Mater of Lippman v Board ofEducation of Sewanhaka, 104 A.D.2d 123 [3d Dept, 1984] [appeal pending]). The retired teacher would be in a position to adjust the amount and conditions of her own retirement benefits, in our opinion, a prohibited conflict of interest (see also, Abrams v Board of Education ofYonkers, 91 A.D.2d 618 [2d Dept, 1982]).
In your letter, you mention the recent case of Stettine v County ofSuffolk (105 A.D.2d 109 [2d Dept, 1984]). In Stettine, it was held that when a county employee negotiates a collective bargaining agreement, and when the employee recieves the same salary increase as negotiated in the agreement, no conflict of interest arises. Your letter raises concerns as to whether Stettine may be controlling in this situation. We believe thatStettine is not applicable. As the court stated:
 "Our holding is limited to the case where, as here, the interested municipal officer or employee has the power or duty to negotiate, prepare, authorize or approve a contract involving salary for the same office or position from which the power or authority is derived. We intimate no view as to the applicability of the statute to the case where the interested municipal officer or employee holds a second office or position of employment, and he has the power or duty in his first capacity to negotiate, prepare, authorize or approve a contract involving his salary for the second office or position" (105 A.D.2d at 115, fn2).
Accordingly, we conclude that a retired teacher who receives retirement benefits under a collective bargaining agreement, and who retains the right to vote for union officials and to approve future collective bargaining agreements may not serve as a member of the school board in that school district. Furthermore, resignation from the union would not change our finding that a conflict of interest exists.