■ In the Matter of JAMES DUFFANY et al., Appellants, v CITY OF PLATTSBURGH, Respondent. [610 NYS2d 359] —Weiss, J. Appeal from a judgment of the Supreme Court (Ryan, Jr., J.), entered August 11, 1992 in Clinton County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioners' request for certain accumulated sick leave credits.

This case involves claims by the Chief (petitioner James Duffany) and Assistant Chief (petitioner Walden J. Stone) of respondent's Fire Department for payment of accumulated sick leave credits as of December 31, 1991 and July 11, 1991, their respective retirement dates. Although Duffany claimed 3,361.5 hours and Stone claimed 3,841 hours, respondent paid each for only 1,440 hours. After written notification dated October 7, 1991 in which respondent rejected petitioners' disagreement with the reduction in paid sick leave time, petitioners commenced this CPLR article 78 proceeding seeking judgment, *inter alia,* requiring respondent to pay each the full amount of their accumulated sick leave time or, alternatively, requiring respondent to pay salary for 50% of all of their accrued sick leave time pursuant to the collective bargaining agreement with the firefighters' union in effect on the date of their respective appointments. Supreme Court held that respondent's Administrative Code (hereinafter the Code) and the collective bargaining agreement in effect on the date of petitioners' retirement limited reimbursement for accumulated sick leave to 1,440 hours and dismissed the petition. This appeal ensued.

When petitioners accepted appointment as department heads and became part of management in 1980 and 1981, the terms of their employment shifted from the collective bargaining agreement to the Code. The Code in effect at the time of their retirement provided in section 47 (I), in relevant part, that "Department heads not covered by any bargaining agreement shall be entitled to the same sick leave time at their respective regular rates of pay as established for the employ-

ees of a department in which the department head is principally employed". Within this time frame, the 1985-1989 collective bargaining agreement provided in article VI, § 1 (b) that "[u]pon retirement * * * employees shall be paid * * * at the rate of one hundred percent (100%) compensation for accumulated unused sick leave *up to a maximum of * * * (1,440) hours"* (emphasis supplied). The record further shows that throughout, the Code placed limitations upon accumulated sick leave.

Relying on *Cook v City of Binghamton* (48 NY2d 323), petitioners contend that accumulated sick leave is a vested contractual right which may not be taken by subsequent statutory enactments *(see,* US Const, art I, § 10; NY Const, art V, § 7). We read that case differently from petitioners in that the Code which regulates the terms and conditions of management employees is not "a contract-in-fact, bargained for by the parties and couched in contractual terms" *(Cook v City of Binghamton, supra,* at 329). Rather, we find that respondent could properly change those terms and conditions at will without interdiction by either the Federal or State Constitution *(see, supra,* at 332; *see also, Lanza v Wagner,* 11 NY2d 317, 324, *cert denied* 371 US 901; *Matter of Lippman v Board of Educ.,* 104 AD2d 123, *affd* 66 NY2d 313). The record demonstrates that sick leave benefits provided for in the Code were modified by eight different municipal ordinances between 1956 and 1984. The February 2, 1984 modification in effect when petitioners retired provided that upon retirement department heads would be limited to the 1,440 hours of accumulated sick leave. Respondent's determination was therefore neither arbitrary nor irrational and must be upheld by this Court *(see, Catlin v Sobol,* 77 NY2d 552, 561).

We further find unavailing petitioners' alternative argument that they are entitled to 50% of their accumulated sick leave. The collective bargaining agreement provision to which the Code references provides an exception to the 1,440-hour cap for those employees listed on "Schedule C" (attached to the collective bargaining agreement). Employees listed on "Schedule C" were entitled to 50% of all accumulated leave. Petitioners' names, however, were not included on "Schedule C".

Finally, we find no merit in petitioners' contention that the award made June 21, 1977 in an arbitration proceeding before the Public Employees Relations Board between the firefighters' union and respondent entitled them to 100% of their accumulated sick leave time. The grievance arbitrated re-

sulted from a change in the number of hours comprising a work shift and the concomitant reduction in the number of hours of sick leave earned by firefighters working shorter shifts. The issue focused on which bank of sick leave credits would be charged when sick leave was utilized after the reduced work shift became effective. That issue was totally different from the instant case and therefore irrelevant to any determination of the maximum accumulated sick leave time due these petitioners.

Having reached this result, it is unnecessary to consider respondent's other arguments.

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.