■ In the Matter of DAVID E. HANDY, Appellant, v COUNTY OF SCHOHARIE, Respondent. [665 NYS2d 708] —Carpinello, J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered July 15, 1996 in Schoharie County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia*, compel respondent to pay petitioner's health insurance premiums.

Petitioner is a retired member of respondent's Board of Supervisors having served from 1978 through 1995. The

pertinent issue before this Court is whether petitioner has a vested right to health insurance benefits at respondent's expense during his retirement. Because we find that petitioner does not have a vested right in these benefits, we affirm Supreme Court's judgment dismissing his petition.

Pursuant to three motions passed by the Board of Supervisors at two December 1995 meetings, any elected official of respondent who completed 10 years or more of service was entitled to "Health Insurance coverage" at respondent's expense upon retirement. Prior to the passage of the motions at issue, it was respondent's policy to pay "the monthly [health insurance] premium for retiree and spouse provided [the] employee has completed FIVE years of County service and is receiving a [S]tate retirement pension allowance". Petitioner retired on December 31, 1995.

At a January 19, 1996 meeting of the Board of Supervisors, these prior motions were rescinded and respondent resumed its previous policy on health insurance. Petitioner claims that pursuant to the December 1995 enactments, he is "entitled to health insurance paid at [respondent's] expense, as [he has] met the requirements of a vested right". We disagree. As noted by Supreme Court, respondent was under no contractual obligation to provide petitioner with health insurance and, accordingly, it did not act arbitrarily or capriciously in terminating that benefit.

A legislative enactment "will itself be treated as a contract when its language and the circumstances manifest a legislative intent to create private rights of a contractual nature" (*Cook v City of Binghamton*, 48 NY2d 323, 330). Indeed, "certain types of legislative acts, including those fixing salaries and compensation * * * are not presumed to create a contract: 'The presumption is that such a law is not intended to create private contractual or vested rights but merely declares a policy to be pursued until the [legislative body] shall ordain otherwise. * * * If, upon a construction of the [legislative enactment], it is found that the payments are gratuities, involving no agreement of the parties, the grant of them creates no vested right'" (*id.*, at 330, quoting *Dodge v Board of Educ.*, 302 US 74, 79). We find nothing in the language of the December 1995 motions to constitute clear evidence that respondent intended to "fetter[] its power in the future" (*Pennsylvania R. R. Co. v State of New York*, 11 NY2d 504, 511) with respect to retirees' health insurance benefits. Rather than evincing an intent to create a private contractual or vested right, the motions are more reasonably read as declarations of respondent's policy (*see gener-*

*ally, Methodist Hosp. v State Ins. Fund*, 102 AD2d 367, 379-380, *affd* 64 NY2d 365, *appeal dismissed* 474 US 801). Even though health insurance benefits at respondent's expense may have inured to petitioner had these motions not been repealed, they did not create contractual property rights enforceable against respondent (*see generally, Matter of Lippman v Board of Educ.*, 66 NY2d 313, 319-320; *Matter of Duffany v City of Plattsburgh*, 203 AD2d 683, 684; *Weatherwax v Town of Stony Point*, 97 AD2d 840; *Camardo v Board of Educ.*, 79 AD2d 864, 865, *appeal dismissed* 53 NY2d 795, *appeal dismissed* 454 US 805).

We have reviewed petitioner's remaining contentions and find them to be without merit.

Mercure, White and Peters, JJ., concur; Cardona, P. J., not taking part. Ordered that the judgment is affirmed, without costs.