*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 16, 2014                517749
_____

In the Matter of RETIRED
    PUBLIC EMPLOYEES
    ASSOCIATION, INC., et al.,
                    Appellants,

        v                                    OPINION AND ORDER

ANDREW CUOMO, as Governor of
    the State of New York,
    et al.,
                    Respondents.
_____


Calendar Date:  September 12, 2014

Before:  Peters, P.J., Stein, Garry, Egan Jr. and Clark, JJ.

                    _____


        Law Office of Robert L. Beebe, Clifton Park (Robert L.
Beebe of counsel), for appellants.

        Eric T. Schneiderman, Attorney General, Albany (Julie M.
Sheridan of counsel), for respondents.

                    _____


Peters, P.J.

        Appeal from a judgment of the Supreme Court (Ceresia Jr.,
J.), entered January 2, 2013 in Albany County, which, in a
combined proceeding pursuant to CPLR article 78 and action for
declaratory judgment, among other things, partially granted
respondents' motion to dismiss the petition/complaint.

        Petitioners are former New York State employees who are
receiving a retirement allowance from the state and a lobbying
association representing the interests of similarly situated
individuals for whom the state pays a percentage of their health

insurance cost.  Prior to 2011, the state was contributing 100%
towards the health insurance premiums for retirees who retired
prior to January 1, 1983 and 90% for those who retired thereafter
(as well as 75% of the premiums for dependent coverage), pursuant
to the fixed contribution rates set forth in Civil Service Law
§ 167 (1) (a).  In August 2011, to address severe fiscal
challenges, the Legislature amended Civil Service Law § 167 to
permit reductions in the state's contribution towards health
insurance premiums in the event that a collective bargaining
agreement between the state and an employee organization so
provided (see Civil Service Law § 167 [8]).  The amendment also
expressly authorized any such modification in contribution rates
to be extended to employees and retirees not covered by a
collective bargaining agreement.  Specifically, Civil Service Law
§ 167 (8), as amended, provides:

> "Notwithstanding any inconsistent
> provision of law, where and to the extent
> that an agreement between the state and an
> employee organization entered into
> pursuant to article [14] of this chapter
> so provides, the state cost of premium or
> subscription charges for eligible
> employees covered by such agreement may be
> modified pursuant to the terms of such
> agreement.  The president, with the
> approval of the director of the budget,
> may extend the modified state cost of
> premium or subscription charges for
> employees or retirees not subject to an
> agreement referenced above and shall
> promulgate the necessary rules or
> regulations to implement this provision."

In September 2011, after the state and an employee
organization entered into a collective bargaining agreement that
reduced the state's contribution to current employees' health
insurance premiums by between 2% and 6% (depending upon the
employee's grade), such reduction was extended to retirees,
including plaintiffs, who retired on or after January 1, 1983
pursuant to Civil Service Law § 167 (8).  The Department of Civil

Service subsequently promulgated emergency regulations implementing the reduced state contribution rates effective October 1, 2011 (see 4 NYCRR 73.3 [b]).

Petitioners commenced this combined CPLR article 78 proceeding and action for declaratory judgment challenging the state's reduced percentage contribution towards their health insurance benefits, seeking, among other things, a declaration that any such reduction was null and void, an injunction barring respondents from implementing such a reduction through regulations and an order that any increased payments by retirees be refunded. In lieu of answering, respondents moved to dismiss the petition/complaint for failure to state a cause of action. Supreme Court granted respondents' motion to dismiss the petition and declared that the administrative actions to implement the increase in retiree contributions and the corresponding regulations were valid. Petitioners appeal.

Petitioners argue that Civil Service Law § 167 is internally inconsistent to the extent that it imposes a fixed contribution rate for retiree health insurance while concomitantly authorizing modification of those statutory rates, and they urge this Court to harmonize the statute's provisions by declaring that Civil Service Law § 167 (8) applies only prospectively. We begin our analysis with the familiar maxim that the text of a statute is the best evidence of legislative intent and, "where the statutory language is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used" (Commonwealth of N. Mariana Is. v Canadian Imperial Bank of Commerce, 21 NY3d 55, 60 [2013] [internal quotation marks, brackets and citations omitted]; see Matter of DaimlerChrysler Corp. v Spitzer, 7 NY3d 653, 660 [2006]; Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998]). It is also fundamental that a statute must be considered as a whole and its various sections construed with reference to one another and in a way that renders them internally compatible (see Matter of Albany Law School v New York State Off. of Mental Retardation & Dev. Disabilities, 19 NY3d 106, 120 [2012]; Yatauro v Mangano, 17 NY3d 420, 426 [2011]; Friedman v Connecticut Gen. Life Ins. Co., 9 NY3d 105, 115 [2007]).

        Applying these principles here, we conclude that Civil
Service Law § 167 (8) plainly and unambiguously permits
modification of the fixed contribution rates for retiree health
insurance premiums set forth in Civil Service Law § 167 (1) (a).
Civil Service Law § 167 (8) begins with the phrase
"[n]otwithstanding any inconsistent provision of law," which is a
"verbal formulation frequently employed for legislative
directives intended to preempt any other potentially conflicting
statute, wherever found in the [s]tate's laws" (People v
Mitchell, 15 NY3d 93, 97 [2010]; see Matter of Niagara County v
Power Auth. of State of N.Y., 82 AD3d 1597, 1601 [2011], lv
dismissed and denied 17 NY3d 838 [2011]).  It then provides that
the state and an employee organization may enter into a
collective bargaining agreement to modify "the state cost of
premium or subscription charges for eligible employees" set forth
in Civil Service Law § 167 (1) (a), and expressly grants the
President of the Civil Service Commission the discretion to
extend any such modification in contribution rates to "employees
or retirees" not covered by a collective bargaining agreement
(Civil Service Law § 167 [8]).  Thus, while Civil Service Law §
167 (1) (a) provides for a fixed percentage contribution, the
explicit command of the Legislature in Civil Service Law § 167
(8) makes clear that the former provision does not apply where it
would otherwise conflict with Civil Service Law § 167 (8).  As
the plain language renders these provisions internally
compatible, "there is no room for construction and [we] have no
right to add to or take away from that meaning" (Majewski v
Broadalbin-Perth Cent. Sch. Dist., 91 NY2d at 583 [internal
quotation marks and citation omitted]; see Matter of Jessica D. v
Jeremy H., 77 AD3d 87, 91 [2010]; see also People v Finnegan, 85
NY2d 53, 58 [1995], cert denied 516 US 919 [1995]).  Notably, the
legislative history of the 2011 amendments to Civil Service Law §
167 (8) confirms that the amendment was intended "to provide
authority to modify the employer and employee shares of health
premium and subscription costs under the New York State Health
Insurance Plan" (Senate Introducer Mem in Support, Bill Jacket, L
2011, ch 491, at 9).  Given the Legislature's expressed intent to
authorize a modification in the state's contribution rate towards
retiree health insurance premiums under the circumstances present
here, we conclude that respondents' actions in effectuating the
reduced state contribution rates was both lawful and in

compliance with the statute.

Petitioners next claim that they have a contractual and vested property right to the percentage contribution rate set forth in Civil Service Law § 167 (1) (a), and that any decrease in that contribution rate violates their rights under the Contracts Clause of the US Constitution and the Due Process Clause of the NY Constitution. In so arguing, petitioners do not allege the existence of any express contractual agreement, but instead rely solely upon Civil Service Law § 167 (1) (a) as the source of the alleged vested rights.[1] "[B]efore a law may be deemed to amount to a contract between the [s]tate and a third party, the statutory language must be examined and found to be 'plain and susceptible of no other reasonable construction' than that a contract was intended" (Pennsylvania R.R. Co. v State of New York, 11 NY2d 504, 511 [1962], quoting Stanislaus County v San Joaquin & King's Riv. Canal & Irrigation Co., 192 US 201, 208 [1904]; see Cook v City of Binghamton, 48 NY2d 323, 330 [1979]). Indeed, "certain types of legislative acts, including those fixing salaries and compensation, . . . [give rise to the presumption that the] 'law is not intended to create private contractual or vested rights but merely declares a policy to be pursued until the legislature shall ordain otherwise'" (Cook v City of Binghamton, 48 NY2d at 330, quoting Dodge v Board of Ed. of City of Chicago, 302 US 74, 79 [1937]).

We find nothing in the language of Civil Service Law § 167 (1) (a) to constitute "clear and irresistible evidence" that the Legislature intended to "fetter[] its power in the future" with respect to retirees' health insurance contributions (Pennsylvania R. R. Co. v State of New York, 11 NY2d at 511; see Matter of Handy v County of Schoharie, 244 AD2d 842, 843 [1997]). Notably, the statute does not contain any "words of contract" or employ any terms that signal an intent to create a contractual or vested

_____

[1] Petitioners' reliance on Kolbe v Tibbetts (22 NY3d 344 [2013]) — wherein the Court of Appeals concluded that a collective bargaining agreement can, under certain circumstances, give rise to a vested right to retiree health insurance at a specified level — is therefore misplaced.

right (Cook v City of Binghamton, 48 NY2d at 330; see Dodge v Board of Ed. of Chicago, 302 US at 79; compare NY Const, art V, § 7 [pension benefits "shall be a contractual relationship"]). Under such circumstances, Civil Service Law § 167 (1) (a) is more reasonably read as a policy determination regarding the state's contribution rate towards retiree health insurance premiums that is subject to later change at the will of the Legislature (see Dodge v Board of Ed. of Chicago, 302 US at 81; Cook v City of Binghamton, 48 NY2d at 330-331; Matter of Handy v County of Schoharie, 244 AD2d at 843-844; Methodist Hosp. of Brooklyn v State Ins. Fund, 102 AD2d 367, 379-380 [1984], affd 64 NY2d 365 [1985]).

Finally, we reject petitioners' contention that Civil Service Law § 167 (8) constitutes an unconstitutional delegation of legislative authority. "[W]hile the Legislature cannot delegate its lawmaking functions to other bodies, there is no constitutional prohibition against the delegation of power to an agency or commission to administer the laws promulgated by the Legislature, provided that power is circumscribed by reasonable safeguards and standards" (Matter of Carpenter Tech. Corp. v Commissioner of Taxation & Fin., 295 AD2d 830, 834 [2002], lv denied 99 NY2d 501 [2002]; see Brightonian Nursing Home v Daines, 21 NY3d 570, 579 [2013]; Boreali v Axelrod, 71 NY2d 1, 10 [1987]). Here, the power given to the President of the Civil Service Commission, with the approval of the Budget Director, to modify health insurance contribution rates for retirees and non-represented state employees is entirely dependent upon — and limited by the terms of — a negotiated agreement between the state and an employee organization modifying the contribution rates for current represented employees (see Civil Service Law § 167 [8]). Contrary to petitioners' contention, the standard set forth by the Legislature — that any change in the retiree statutory contribution rate must be tied to a collectively bargained rate — provides adequate guidance for the exercise of that discretion, as "there need not be a specific and detailed legislative expression authorizing a particular executive act [where, as here,] the basic policy decisions underlying the [actions authorized] have been made and articulated by the Legislature" (Dalton v Pataki, 5 NY3d 243, 262-263 [2005] [internal quotation marks and citation omitted]; see Matter of

Medical Socy. of State of N.Y. v Serio, 100 NY2d 854, 865
[2003]).

Stein, Garry, Egan Jr. and Clark, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court