In the Matter of UNATEGO NON-TEACHING ASSOCIATION et al., Petitioners, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents.

Third Department, December 30, 1987

APPEARANCES OF COUNSEL

*Bernard F. Ashe (Kevin H. Harren* and *Mary E. Scalise* of counsel), for petitioners.

*Martin L. Barr (Jerome Thier* of counsel), for New York State Public Employment Relations Board, respondent.

*Hogan & Sarzynski (John B. Hogan* of counsel), for Unatego Central School District, respondent.

**OPINION OF THE COURT**

MAIN, J.

Petitioners are the collective bargaining units for certain employees of respondent Unatego Central School District (District). Pursuant to the collective bargaining agreement between petitioner Unatego Teachers Association (UTA) and the District, the New York State Health Insurance Plan with major medical coverage was to be offered by the District, which was to pay 90% of individual coverage and 85% of dependent coverage. Similarly, the contract between petitioner Unatego Non-Teaching Association (UNTA) and the District required the District to pay 90% of individual coverage and 85% of dependent coverage, without specifying any health insurance plan. In about January 1982, the District made the Group Health Insurance Option (GHI) program available to members of both petitioners and the Statewide Plan program available to members of UNTA. Both of these health insurance programs were available through the New York State Health Insurance Plan to public employers for their employees.

In late 1985, the State announced that it was replacing the GHI and Statewide Plan programs with the Empire Plan which, as of January 1, 1986, would be the only plan available under the New York State Health Insurance Plan to public employers for their employees. The State further advised that pursuant to Civil Service Law § 163-a (3), employers participating in the New York State Health Insurance Plan with collective bargaining agreements made prior to July 1, 1985, such as the District, were required to provide a certain level of Empire Plan benefits for the duration of the agreements. In light of these events, the District announced that it would remain with the New York State Health Insurance Plan and make the Empire Plan program available effective January 1, 1986, which fell during the effective dates of the parties'

collective bargaining agreements. It is undisputed that the Empire Plan program of benefits, costs to employees and administration is substantially different from the GHI and Statewide Plan programs.

Petitioners filed improper practice charges against the District alleging that the change in health insurance programs constituted a violation of Civil Service Law § 209-a (1) (d). Following a hearing, an Administrative Law Judge (ALJ) determined that the District had committed an improper employer practice in violation of Civil Service Law § 209-a (1) (d) when it failed to negotiate with petitioners before changing health plans. Thereafter, the District filed exceptions to the ALJ's decision and respondent New York State Public Employment Relations Board (PERB) reversed the ALJ's decision and dismissed petitioners' charges. Petitioners then challenged PERB's determination as arbitrary and capricious and unsupported by substantial evidence by commencing this CPLR article 78 proceeding which has been transferred to this court for resolution.

It is statutorily mandated that a public employer's refusal to negotiate in good faith with the certified representatives of its public employees constitutes an improper practice (Civil Service Law § 209-a [1] [d]). Included in the public employer's obligation to negotiate in good faith is the duty to continue past practices that involve mandatory subjects of negotiation (see, Matter of Board of Coop. Educ. Servs. v New York State Pub. Employment Relations Bd., 82 AD2d 691, 692), which include terms and conditions of employment (see, Civil Service Law § 204 [2]) such as "salaries, wages, hours, agency shop fee deduction and other terms and conditions of employment" (Civil Service Law § 201 [4]). Whether a past practice exists and what such practice is, however, remain questions of fact for PERB's determination (see, Matter of Board of Coop. Educ. Servs. v New York State Pub. Employment Relations Bd., supra), which we cannot annul unless it is arbitrary, capricious, an abuse of discretion or affected by error of law (Matter of Incorporated Vil. of Lynbrook v New York State Pub. Employment Relations Bd., 48 NY2d 398, 404).

Our review of the record establishes that PERB's determination is not arbitrary, capricious, an abuse of discretion or affected by error of law and, thus, it must be confirmed. The challenged determination found that a past practice of providing health insurance programs to petitioners' members through the New York State Health Insurance Plan was

established by the District and concluded that the District, by continuing after January 1, 1986 to offer the health insurance program available through said plan, notwithstanding the change in the specific programs, did not deviate from the established past practice. The testimony and evidence shows that the parties never agreed upon any specific benefit program. To be sure, the collective bargaining agreement between the District and UTA states only that the "New York State Health Insurance Plan with Major Medical Coverage" will be offered and the agreement between the District and UNTA makes absolutely no reference to any specific health insurance benefits or program. A witness for UTA confirmed that there had been no change in the contractual language concerning the provision of benefits since the 1960s. Under such circumstances, PERB's determination that the District provided the same terms and conditions of employment—participation in the health insurance program offered under the New York State Health Insurance Plan—before and after January 1, 1986 was not arbitrary, capricious, affected by error of law or an abuse of discretion.

In reaching this result, we reject petitioners' contention that PERB's determination was arbitrary and capricious for failing to follow its own precedent. In *Matter of City School Dist. of City of Corning* (16 PERB ¶ 16-3056), relied on by petitioners, the specific benefits provided were found to constitute a past practice and the unilateral change therefrom was determined to be a Taylor Law violation. In this proceeding, as discussed above, the past practice did not include any specific benefits, but rather the provision of a benefit program, which was consistently offered by the District. Therefore, PERB's determinations are consistent.

KANE, J. P., CASEY, WEISS and LEVINE, JJ., concur.

Determination confirmed, and petition dismissed, without costs.