■ In the Matter of PUBLIC EMPLOYEES FEDERATION, AFL-CIO, by its President HOWARD A. SHAFER, et al., Petitioners, v

NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents. [601 NYS2d 30] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Public Employment Relations Board which found that respondent State Department of Health had not committed an improper employer practice.

The issues to be resolved are twofold: (1) whether the past practice by respondent State Department of Health (hereinafter DOH) of granting employee release time to attend the annual office picnic without charging accrual time was an established past practice, and (2) whether DOH's unilateral abolition of said practice in 1990 constituted a violation of Civil Service Law § 209-a (1) (d). An Administrative Law Judge (hereinafter ALJ) of respondent Public Employment Relations Board (hereinafter PERB) found in favor of petitioners, holding that a 20-year practice by DOH sponsoring picnics existed and it constituted a past practice which could not be unilaterally discontinued. On appeal PERB reversed, concluding that DOH's decision to cancel leave for a picnic in 1990 was consistent with its annual practice of determining whether to allow such leave and that DOH's action in declining to sponsor the 1990 picnic did not violate Civil Service Law § 209-a (1) (a).

This proceeding ensued. The decision of PERB must be based on substantial evidence to support its determination (see, Matter of Lahey v Kelly, 71 NY2d 135, 140). PERB held that DOH's practice of sponsoring picnics derived from policy directives applicable since 1970 and later incorporated in the civil service attendance and leave rules. PERB found that the policy "reserves unfettered discretion to the chief executive officer of each agency to decide whether the planned social activity will be in the agency's best interests". If not in its "best interests", then the agency is privileged to withhold its sponsorship of the event. PERB held that DOH's executive withheld sponsorship of the 1990 picnic and that this action was in full accord with its long-standing policy.

The record supports PERB's determination. In June 1970, two memoranda were issued simultaneously to all State departments and agencies concerning State-sponsored social activities, including picnics, leaving to the principal executive officer of each agency to determine whether such activities should be held under agency sponsorship and whether time off

without charge to accumulated leave credits was to be granted. Absences were to be charged to leave credits when picnics were sponsored or conducted as an employee organizational affair.

In 1975, the policy was incorporated into civil service attendance and leave rules for agencies and their employees. The same rule was included in the 1987 attendance and leave manual. At about the same time, DOH promulgated its own "Working for Health Manual" which provided only that leave credits need not be charged in order to attend an *agency sponsored* event. DOH's director testified that DOH made an annual determination whether to sponsor the picnic and declined to do so in 1990.

Though the record indicates that the agency sponsored the event for many years, this did not create a past practice or divest DOH of its right to exercise its discretion *(see, Matter of Patrolmen's Benevolent Assn. v Incorporated Vil. of Hempstead,* 22 PERB ¶ 4522, at 4550). We find no merit in the other arguments raised by petitioners and decline to review them.

Yesawich Jr., Levine and Crew III, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.