■ In the Matter of AENEAS MCDONALD POLICE BENEVOLENT ASSOCIATION, INC., Respondent, v CITY OF GENEVA, Appellant. [667 NYS2d 166] —Judgment reversed on the law without costs and petition dismissed. Memorandum: Petitioner, Aeneas McDonald Police Benevolent Association, Inc., whose members include all current and retired members of the Geneva Police Department, commenced this CPLR article 78 proceeding to annul the decision of respondent, City of Geneva (City), to reduce the health insurance benefits of retired employees of the City of Geneva Police Department.

The underlying facts are that, in 1972, the City enacted Resolution No. 33, which provided for payment of health insurance benefits to all retired City employees. In that resolution, the City also discontinued its participation in the State Health Plan and instead procured insurance through the Genesee Valley Medical Health Care Plan. That insurance provided coverage for both current employees and retirees. Thereafter, the City replaced the Genesee Valley Medical Health Care Plan with the Blue Million Health Plan. The City notified the retirees that they would be covered by the Blue Million Health Plan until December 31, 1996, and that, effective January 1, 1997, their coverage would be changed to the Blue Choice Extended Plan. In this proceeding, petitioner challenged the City's unilateral right to change again the health insurance benefits of retirees. Supreme Court granted the petition, holding that the City's determination to change the health insurance benefits of retirees violated the parties' past practice of providing a certain level of benefits to retirees. That was error.

None of the previous collective bargaining agreements between the City and the bargaining units that represent active police officers addressed the issue of health insurance benefits to retired employees. Consequently, petitioner's retired members are not now nor have they at any time in the past been beneficiaries of a negotiated labor agreement that

provides health insurance benefits during the period of their retirement. Because petitioner's retired members do not have any contractual rights with respect to health insurance benefits, they may not challenge the change in benefits. Additionally, Resolution No. 33 did not confer any vested rights on the retirees (*see, Quaglia v Incorporated Vil. of Munsey Park*, 54 AD2d 434, 439, *affd* 44 NY2d 772). Moreover, "benefits for nonunit members, including persons who retire prior to a period covered by an existing or prospective contract, are nonmandatory subjects of negotiation" (*Matter of Geneva Teachers Assn. [Geneva City School Dist.]*, 23 PERB ¶ 4564). Thus, the dissent's reliance on cases concerning the obligation to continue past practices involving mandatory subjects of negotiations is misplaced. We therefore conclude that the City was not required to negotiate its unilateral change of the health insurance benefits of the retirees. Thus, the petition must be dismissed. In light of our determination, we do not reach the City's contention that petitioner lacks standing.

We note that, absent vested contractual rights to a continued level of health insurance benefits, the sole remedy of petitioner's retired members is to seek coverage through a current negotiated contract of active employees or to enlist the aid of the State Legislature (*see, e.g.*, L 1994, ch 729).

All concur except Callahan and Balio, JJ., who dissent and vote to affirm in the following Memorandum.

Callahan and Balio, JJ. (dissenting). We disagree with the majority's conclusion that, "[b]ecause petitioner's retired members do not have any contractual rights with respect to health insurance benefits, they may not challenge the change in benefits." In our view, Supreme Court properly concluded that the City's determination to change the health insurance benefits paid to retirees violated the established past practice of providing a certain level of benefits to them.

It is well established that substantive rights may arise not only through collective negotiations, but also through consistently followed past practices (*see, Matter of Incorporated Vil. of Hempstead v Public Empl. Relations Bd.*, 137 AD2d 378, 383, *lv denied* 72 NY2d 808; *Matter of State of New York [Governor's Off. of Empl. Relations] v New York State Pub. Empl. Relations Bd.*, 91 AD2d 718). Furthermore, where such a past practice is shown to exist, the employer is not free to discontinue it without prior negotiation (*see, Matter of Incorporated Vil. of Hempstead v Public Empl. Relations Bd., supra*, at 383; *Matter of Board of Coop. Educ. Servs. Sole Supervisory Dist. v New York State Pub. Empl. Relations Bd.*,

82 AD2d 691, 693-694). Although Resolution No. 33 did not confer any vested rights to the retirees, that resolution established a practice of providing benefits to all retirees equivalent to the coverage provided to current employees; a practice that respondent, City of Geneva (City), consistently adhered to for 24 years until unilaterally terminating such practice effective January 1, 1997. We agree with the court that the City's continuous provision of those benefits to the retirees established a past practice that gave rise to a substantive right. The City, as a public employer, had a duty to continue past practices that involve mandatory subjects of negotiation (*see, Matter of Unatego Non-Teaching Assn. v New York State Pub. Empl. Relations Bd.,* 134 AD2d 62, 64, *lv denied* 71 NY2d 805), which include changes in health insurance programs. (Appeal from Judgment of Supreme Court, Ontario County, Harvey, J.— CPLR art 78.) Present—Green, J. P., Lawton, Callahan, Doerr and Balio, JJ.