[670 NYS2d 602]

In the Matter of VILLAGE OF SCOTIA, Petitioner, v NEW YORK
STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al.,
Respondents.

Third Department, March 19, 1998

---

**APPEARANCES OF COUNSEL**

*Goldberger & Goldberger,* Albany *(Bryan J. Goldberger* of counsel), for petitioner.

*Gary Johnson,* Albany, for New York State Public Employment Relations Board, respondent.

*Grasso & Grasso,* Schenectady *(Jane K. Finin* of counsel), for Scotia Patrolmen's Benevolent Association, respondent.

**OPINION OF THE COURT**

WHITE, J.

The implementation of the 911 emergency call system in the Village of Scotia, Schenectady County, generated heated public debate. In the course of this debate, Timothy Macfarlane, a police officer employed by petitioner and the vice-president of respondent Scotia Patrolmen's Benevolent Association (hereinafter the PBA), authored a letter on April 11, 1995 which he distributed to petitioner's Board of Trustees. In this letter, that bore no indication that it was endorsed or authorized by the PBA, Macfarlane set forth what he considered were the deficiencies in the dispatch plan favored by the Board and included intemperate language regarding the Chief of petitioner's Police Department.[1]

Thereafter, petitioner, pursuant to Civil Service Law § 75 (1), filed disciplinary charges against Macfarlane predicated upon the contents of his letter. Paralleling the disciplinary proceeding, was an improper practice charge filed by the PBA against petitioner alleging that it violated the Taylor Law (Civil Service Law § 200 *et seq.*) when it demoted Macfarlane from the rank of sergeant to patrolman. The Administrative Law

---

1. The text of the letter may be found in our prior decision wherein we sustained several charges of misconduct against Macfarlane *(Matter of Macfarlane v Village of Scotia,* 241 AD2d 574, *appeal dismissed* 90 NY2d 1008).

Judge dismissed the charge;[2] however, respondent New York State Public Employment Relations Board (hereinafter PERB) reinstated the charge, finding that petitioner discriminated against Macfarlane for his exercise of protected Taylor Law rights and interfered with those rights (Civil Service Law § 209-a [1] [a], [c]). PERB's remedial order directed petitioner to, *inter alia*, restore Macfarlane to the rank of sergeant with back pay. This proceeding ensued.

We must sustain PERB's determination if there is substantial evidence supporting its finding that petitioner could not discipline Macfarlane because his April 11, 1995 letter constituted concerted activity protected by the Taylor Law (*see, Matter of Rosen v Public Empl. Relations Bd.*, 72 NY2d 42, 48; *Matter of De Vito v Kinsella*, 234 AD2d 640, 641). We note that, inasmuch as this matter falls within PERB's special competence, we must accord deference to its findings (*see, Matter of Newark Val. Cent. School Dist. v Public Empl. Relations Bd.*, 83 NY2d 315, 320).

Although the case law interpreting the National Labor Relations Act is not binding or controlling (Civil Service Law § 209-a [6]), we can refer to it to obtain guidance in defining the concepts of concerted activity and protected activity (*see, Matter of Rosen v Public Empl. Relations Bd.*, *supra*, at 51). An employee's conduct is considered to be concerted activity when he or she acts with or on the authority of other employees and not solely on behalf of himself or herself (*see, Rockwell Intl. Corp. v National Labor Relations Bd.*, 814 F2d 1530, 1534; *see also*, Annotation, 107 ALR Fed 244, 250, § 2). Here, the record shows that the implementation of the 911 emergency call system was a matter of concern to the PBA. Consequently, beginning in April 1993, Macfarlane, who was serving on the PBA's dispatch discussion/911 committee, wrote several letters to petitioner's Mayor and Board of Trustees and spoke at several Board meetings espousing the PBA's position on this issue. In addition, he promoted the PBA's position in several letters to local newspapers. Prior to distributing his April 11, 1995 letter, Macfarlane discussed its contents with the PBA's secretary who agreed that the letter reflected the PBA's position on this issue. Given this background, it is clear that Macfarlane was expressing group concerns in his April 11, 1995 letter rather than his own purely personal complaints. Thus,

---

**2.** The Administrative Law Judge also dismissed a charge under Civil Service Law § 209-a (1) (d). PERB affirmed the dismissal and that determination is not at issue in this proceeding.

we find that there is substantial evidence supporting PERB's finding that Macfarlane was engaged in concerted activity.

The fact that an activity is concerted does not necessarily mean it is protected since employees can lose protection if they act in an abusive manner (*see*, *National Labor Relations Bd. v City Disposal Sys.*, 465 US 822, 837). Whether conduct transcends the bounds of protected activity greatly depends upon the context in which it occurs (*see*, *Earle Indus. v National Labor Relations Bd.*, 75 F3d 400, 406). Thus, offensive conduct may not lose its protected status if it occurred during a closed meeting, but may not be protected if it took place in public in defiance of the employer's authority (*see*, *id.*). As pointed out by PERB, Macfarlane's statements were not made directly to the Chief in the presence of other police officers nor did he send the letter to the media for publication. Instead, its distribution was limited to the Board in an effort to persuade that body not to take action which the PBA considered adverse to its interest. Under these circumstances and mindful of our limited review powers, we cannot say that PERB's finding that the April 11, 1995 letter was protected is not supported by substantial evidence.

Petitioner's remaining arguments on the merits do not require detailed analysis. Macfarlane's long association with the PBA and his advocacy of its agenda regarding the 911 dispatch plan dispels petitioner's argument that it lacked knowledge of the protected activity. The Chief's admission that Macfarlane was demoted in response to the comments in his letter negates petitioner's claim that Macfarlane would have been demoted in any event. We reject petitioner's claim that it had a legitimate business reason for demoting Macfarlane as it has not shown there were valid economic reasons for taking such action (*see*, *Goldtex, Inc. v National Labor Relations Bd.*, 14 F3d 1008, 1012-1013).

Turning to PERB's remedial order, we are concerned with its direction to restore Macfarlane to the rank of sergeant. In January 1995, Sergeant John Pytlovany was given a provisional appointment to the position of Deputy Police Chief. Because the sergeant's position remained encumbered until Pytlovany's provisional appointment matured into a permanent one, Macfarlane, who was on the eligibility list, was given a temporary appointment to the sergeant's position. That position remained encumbered until August 30, 1995. In early September 1995 another officer was appointed from the new eligibility list to the sergeant's position. Significantly, Macfarlane was not on the new eligibility list.

Article V ( 6) of the State Constitution provides in pertinent part that "[a]ppointments and promotions in the civil service of the state and all of the civil divisions thereof * * * shall be made according to merit and fitness". It is now well established that an appointment of an individual from a constitutionally valid expired list violates this constitutional mandate (*see, Matter of Altamore v Barrios-Paoli*, 90 NY2d 378, 384; *Matter of Deas v Levitt*, 73 NY2d 525, 531, *cert denied* 493 US 933). Since we cannot by judicial fiat convert a temporary appointment into a permanent one in the face of the applicable constitutional mandate (*see, Matter of Montero v Lum*, 68 NY2d 253, 259), PERB is likewise precluded from doing so. Accordingly, we shall annul that portion of its remedial order restoring Macfarlane to the sergeant's position with back pay and remit this matter to PERB for further consideration of this aspect of its order.

CARDONA, P. J., MERCURE, PETERS and CARPINELLO, JJ., concur.

Adjudged that the determination is modified, without costs, by annulling so much thereof as restored Timothy Macfarlane to the rank of sergeant with back pay; matter remitted to respondent Public Employment Relations Board for further proceedings not inconsistent with this Court's decision; and, as so modified, confirmed.