■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, Petitioner, v MICHAEL R. CUEVAS, as Chairman of the New York State Public Employment Relations Board, et al., Respondents. [712 NYS2d 187] —Mercure, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Public Employment Relations Board which dismissed petitioner's improper employer practice charge.

Petitioner is the collective bargaining representative for certain Dutchess County employees. In 1990, the County began offering prescription drug coverage for members enrolled in the Mohawk Valley Physicians' Health Plan (hereinafter MVP). The rider that the County purchased from MVP provided for employee copayments of $3 for generic prescriptions and $5 for brand name drugs. Beginning in January 1998, however, MVP no longer offered the $3/$5 copayment rates. Instead, the lowest copayments thereafter available from MVP were $4 for generic prescriptions and $7 for brand name drugs.

Petitioner thereafter filed an improper employer practice charge with respondent Public Employment Relations Board (hereinafter PERB), alleging that by unilaterally increasing the copayment to be paid by employees enrolled in the MVP plan, the County breached its duty to negotiate with petitioner pursuant to Civil Service Law § 209-a (1) (d). Petitioner and the County entered into a stipulated statement of facts and PERB ultimately dismissed petitioner's improper employer practice charge, finding that the stipulated record did not establish a past practice of providing prescription drug coverage with a copayment at a fixed cost to employees of no more than $3 for generic prescriptions and $5 for brand name drugs. To the contrary, PERB found that the stipulated record was equally supportive of the County's view that the past practice was to provide unit employees with a prescription drug plan with the lowest copayment amounts available from MVP. This CPLR article 78 proceeding ensued.

We are unpersuaded by petitioner's contention that PERB's prior decision in *Matter of Yates County Deputy Sheriff's Assn. (County of Yates)* (21 PERB ¶ 4604, *affd* 22 PERB ¶ 3017) mandates the conclusion that the subject prescription drug copayments were established by past practice and therefore cannot be changed without prior negotiation. In fact, the identification of the relevant past practice is a preliminary factual issue upon which petitioner, as the charging party in an improper employer practice proceeding, had the burden of proof (*see, Matter of Unatego Non-Teaching Assn. v New York State Pub. Empl. Relations Bd.*, 134 AD2d 62, 64, *lv denied* 71 NY2d 805; *Matter of Civil Serv. Empls. Assn. [County of Essex]*, 31 PERB ¶ 3026) and "[w]here the record is susceptible to two or more equally reasonable conclusions, one of which is inconsistent with the proposition asserted, the party bearing the burden of proof on the proposition asserted cannot prevail" (*Matter of Civil Serv. Empls. Assn. [County of Essex], supra*, at 3058).

As relevant, the statement of stipulated facts indicated:

"5. From its initiation in 1990 until January 1, 1998, the co-pay amounts for CSEA bargaining unit members under the MVP prescription rider were $3 and $5, the lowest available from MVP.

"6. Effective January 1, 1998 MVP no longer offered a prescription rider with $3 and $5 co-pay amounts. The prescription rider with the lowest co-pay amounts that MVP made available had [co-pay] amounts of $4 and $7. The County purchased the prescription rider with $4 and $7 co-pay amounts and provided it to CSEA bargaining unit members, in lieu of the discontinued rider."

Unlike the factual scenario underlying *Matter of Yates County Deputy Sheriff's Assn. (County of Yates)* (*supra*), here the $3/$5 copayment was eliminated and was no longer available to County employees. Further, as properly recognized by PERB, a fair reading of stipulated fact No. 5 supports the conclusion that the past practice was merely to provide prescription drug coverage with the lowest copayments available from MVP and that the past practice was not limited to any particular copayment amounts, a conclusion that is inconsistent with the proposition asserted by petitioner and fatal to its charge against the County (*see, Matter of Civil Serv. Empls. Assn. [County of Essex], supra*).

In view of the foregoing, we conclude that PERB's determination was by no means arbitrary, capricious, an abuse of discretion or affected by error of law (*see, Matter of Unatego Non-Teaching Assn. v New York State Pub. Empl. Relations Bd., supra*, at 64).

Peters, Carpinello, Graffeo and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.