In the Matter of IRENE PARRINO, Appellant, v ALBERTSON WATER DISTRICT, Respondent. [987 NYS2d 191]—

In a hybrid proceeding, inter alia, pursuant to CPLR article 78 in the nature of mandamus to compel the Albertson Water District to provide the petitioner/plaintiff with postemployment health insurance benefits, and action to recover damages for breach of contract, the petitioner/plaintiff appeals, as limited by her brief, (1) from so much of an order of the Supreme Court, Nassau County (Marber, J.), entered October 5, 2012, as denied that branch of her motion which was for summary judgment on the cause of action alleging breach of contract, and granted the cross motion of the Albertson Water District for summary judgment dismissing that cause of action and on its counterclaim for the return of the cost of health insurance coverage that it provided to the petitioner/plaintiff since December 31, 2009, and (2) from so much of a judgment of the same court entered November 9, 2012, as, upon the order, is in favor of the Albertson Water District and against her in the principal sum of $19,866.57.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the Albertson Water District.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the proceeding/action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Albertson Water District (hereinafter the District) established its entitlement to judgment as a matter of law dismissing the cause of action alleging breach of contract. Resolution of the issue of whether the District is obligated to provide postemployment health insurance benefits to the petitioner/plaintiff (hereinafter the plaintiff) requires examination of the relevant benefit plan documents (*see Matter of Consolidated Mut. Ins. Co.*, 77 NY2d 144, 147 [1990]). The plain language of

those documents provides for postemployment health insurance benefits only for employees who are retired, eligible to retire, or have reached retirement age, and the District established, prima facie, that the plaintiff is not a "retiree," as defined in the applicable regulations (see 4 NYCRR 73.1 [d], [e], [f]; 73.2 [a] [3] [iv]). In response to this showing, the plaintiff failed to raise a triable issue of fact as to whether she was a retiree or as to the existence of any contractual right to postemployment health insurance benefits (see Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva, 245 AD2d 1042 [1997]; Matter of Handy v County of Schoharie, 244 AD2d 842, 843 [1997]; Albany Supply & Equip. Co. v City of Cohoes, 25 AD2d 700 [1966], affd 18 NY2d 968 [1966]; cf. Emerling v Village of Hamburg, 255 AD2d 960 [1998]). Although the District may have performed an act contrary to law or made an administrative error in commencing to pay postemployment health insurance benefits on behalf of the plaintiff, since the District is a municipal entity, it cannot be estopped from denying the existence of a contractual obligation to continue making those payments and it cannot be held to have ratified any such contractual obligation (see Matter of Parkview Assoc. v City of New York, 71 NY2d 274, 282 [1988]).

In light of the foregoing, the District also made a prima facie showing of its entitlement to judgment as a matter of law on its counterclaim for reimbursement of the amount it erroneously paid for the plaintiff's postemployment health insurance coverage from January 1, 2010, through January 31, 2011, which was in the sum of $19,886.57. In opposition to that showing, the plaintiff failed to raise a triable issue of fact. Therefore, the award of summary judgment in favor of the District on that counterclaim was also proper. Rivera, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.