*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: October 22, 2015                    520689
_____

In the Matter of HUDSON VALLEY
    COMMUNITY COLLEGE et al.,
                        Petitioners,
        v                                        MEMORANDUM AND JUDGMENT

NEW YORK STATE PUBLIC
    EMPLOYMENT RELATIONS BOARD
    et al.,
                        Respondents.
_____

Calendar Date:   September 8, 2015

Before:   Garry, J.P., Rose, Lynch and Devine, JJ.

                        _____

        Martin, Shudt, Wallace, DiLorenzo & Johnson, Troy (David T.
Garvey of counsel), for petitioners.

        David P. Quinn, Public Employment Relations Board, Albany
(Alicia L. McNally of counsel), for New York State Public
Employment Relations Board, respondent.

        Hinman Straub, PC, Albany (John R. Saccocio of counsel),
for Hudson Valley Community College Non-Instructional Employees
Union, respondent.

                        _____

Garry, J.P.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent Public Employment Relations
Board finding that petitioner Hudson Valley Community College
committed an improper employer practice.

Respondent Hudson Valley Community College Non-Instructional Employees Union (hereinafter NIEU) represents certain classified staff members employed by petitioner Hudson Valley Community College (hereinafter petitioner). In 2004, petitioner agreed to pay overtime at a rate of time and a half for work performed by NIEU members in "second jobs" outside the scope of their regular employment duties. In 2010, a dispute arose as to a particular overtime payment and, thereafter, NIEU and petitioner engaged in negotiations regarding the subject of overtime compensation for second jobs. When they were unable to reach an agreement, John R. Tibbetts, petitioner's director of human resources, issued a memorandum announcing that petitioner would no longer hire NIEU members for any second jobs and would instead retain non-NIEU members, such as faculty members and temporary staff, for such positions.

NIEU filed an improper practice charge against petitioner and, following a hearing, an Administrative Law Judge (hereinafter ALJ) determined that petitioner's decision not to hire NIEU members for second jobs constituted retaliation against NIEU for its advocacy in the underlying dispute in violation of Civil Service Law § 209-a (1) (a) and (c). Petitioner filed exceptions to this decision, and respondent Public Employment Relations Board (hereinafter PERB) affirmed the ALJ's determination and ordered petitioner, among other things, to rescind the memorandum, restore NIEU members to the second jobs they had previously held and pay them back wages with interest.[1] Petitioner and petitioner County of Rensselaer commenced this CPLR article 78 proceeding seeking annulment of PERB's determination and dismissal of the improper practice charge. Supreme Court transferred the proceeding to this Court (see CPLR 7804 [g]).

To prove its claim that petitioner engaged in an improper practice, NIEU was required to establish that it was engaged in activities protected by the Taylor Law (see Civil Service Law

_____

[1] PERB took no position on the merits of the parties' underlying dispute regarding overtime compensation, and that matter is not at issue in this proceeding.

§ 200 et seq.), that petitioner knew of these activities, and that it took the challenged action because of the activities (see Matter of Civil Serv. Empls. Assn. v New York State Pub. Empl. Relations Bd., 295 AD2d 668, 669 [2002]; Matter of Greenburgh No. 11 Union Free School Dist. v Kinsella, 253 AD2d 46, 49-50 [1999], lv denied 93 NY2d 810 [1999]).  "If the charging party proves a prima facie case of improper motivation, the burden of persuasion shifts to the party charged to establish that its actions were motivated by legitimate business reasons" (Matter of Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, Westchester County Local 860, Unit 9200 v New York State Pub. Empl. Relations Bd., 276 AD2d 967, 969 [2000], lv denied 96 NY2d 704 [2001] [internal quotation marks and citations omitted]).  Here, the parties agree that NIEU's advocacy on the overtime issue was a protected activity and that petitioner was aware of NIEU's advocacy.  Their dispute focuses on whether petitioner's decision to stop hiring NIEU members for second jobs was improperly motivated.

Tibbetts — the author of the challenged memorandum — testified that from 2004 through 2010 when the dispute arose, petitioner's practice had been to pay overtime to members who worked in regularly scheduled second jobs, but not to do so for work in occasional, sporadic positions.  In the unsuccessful negotiations that preceded Tibbetts' memorandum, petitioner sought to continue its prior practice, while NIEU argued that overtime should be paid for all work outside a member's regular employment duties.  According to Tibbetts, the parties became "fairly entrenched" in their positions on this question and other disputed overtime issues, and petitioner decided "to eliminate the problem by not having [second] jobs available."  Tibbetts then circulated the disputed memorandum, which stated that "[b]ecause of the intransigence of NIEU leadership, [petitioner] can no longer hire current classified staff members for any secondary functions, no matter how brief or infrequent, as this results in a demand for 'overtime' payment for any work beyond normal schedule."  In his testimony, Tibbetts attempted to clarify his use of the word "intransigence," explaining that no anti-union animus was intended and that, instead, Tibbetts was attempting to ensure that petitioner's supervisory staff did not blame the administration for the conflict.  Nevertheless, the memorandum and Tibbetts' testimony constitute substantial

evidence supporting PERB's determination that petitioner made its decision to stop hiring NIEU members for second jobs because of NIEU's advocacy, shifting the burden to petitioner to establish that it had valid economic reasons for its actions (see Matter of Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, Westchester County Local 860, Unit 9200 v New York State Pub. Empl. Relations Bd., 276 AD2d at 969; Matter of Board of Educ. of Deer Park Union Free School Dist. v New York State Pub. Empl. Relations Bd., 167 AD2d 398, 399 [1990], lv denied 77 NY2d 805 [1991]).

In this regard, Tibbetts testified that before petitioner made its decision, he consulted petitioner's finance department regarding the cost of compliance with NIEU's position on overtime compensation and determined that it was "prohibitively expensive." He provided specific examples of higher overtime rates to employ NIEU members for some services, including messenger work and evening phone coverage. However, there was also testimony that non-NIEU members who replaced NIEU members in certain second jobs – such as faculty members who were hired to proctor examinations – were paid at a higher hourly rate than the overtime compensation that would have been paid to NIEU members. Tibbetts acknowledged that the result of petitioner's decision was that non-NIEU members were hired even in such instances, when doing so was more expensive. Additionally, at least one NIEU member who had been employed in a second job was paid a flat annual stipend that was unaffected by overtime rates, but nevertheless lost the position as a result of petitioner's decision. Substantial evidence in the record thus supports PERB's determination that petitioner did not meet its burden to establish that its actions were motivated by valid economic concerns and that, instead, petitioner stopped hiring NIEU members for second jobs in retaliation for NIEU's advocacy on the overtime issue (see Matter of Village of Scotia v New York State Pub. Empl. Relations Bd., 241 AD2d 29, 32 [1998]; Matter of Board of Educ. of Deer Park Union Free School Dist. v New York State Pub. Empl. Relations Bd., 167 AD2d at 400).

Next, petitioner challenges the remedies ordered by PERB. Such determinations "are peculiarly matters within administrative competence" (Matter of City of Albany v Helsby, 29 NY2d 433, 439

[1972]) and, therefore, "[a]n order devised by PERB to remedy an improper practice should be upheld if it can be reasonably applied" (Matter of City of New York v New York State Pub. Empl. Relations Bd., 103 AD3d 145, 149 [2012], lv denied 21 NY3d 855 [2013]). PERB's order directing petitioner to reinstate NIEU members to their former second jobs and to pay them back wages is lawful and within PERB's broad remedial powers (see Matter of City of Poughkeepsie v Newman, 95 AD2d 101, 105 [1983], appeal dismissed 60 NY2d 859 [1983], lv denied 62 NY2d 602 [1984]). Petitioner nevertheless contends that the order cannot be reasonably applied because some of the second jobs in question no longer exist, and some NIEU members who previously held second jobs have now retired or left petitioner's employment. This Court cannot consider this aspect of petitioner's argument, as the evidence that petitioner now offers regarding specific positions and employees was not part of the administrative record before PERB when it crafted the remedial order (see Matter of Lippman v Public Empl. Relations Bd., 296 AD2d 199, 203 [2002], lv denied 99 NY2d 503 [2002]).

There is, however, some record evidence supporting petitioner's claim that determinations regarding reinstatement and back pay are impracticable as to certain second jobs that were infrequent and voluntary. Although some of the second jobs that petitioner stopped offering to NIEU members were formerly held by specific, identifiable individuals who worked regularly scheduled hours, others – such as assisting at student orientation events – were not regularly scheduled or assigned to particular individuals, but instead were available on a sporadic basis to those who chose to sign up for them. PERB's remedial order cannot be reasonably applied to these positions, as it cannot be determined who would have claimed the positions, how many hours they would have worked, and how much back pay is owed. We thus remit the matter to PERB for a determination as to which NIEU members can be reinstated to second jobs that they previously held or should receive back pay (see generally Matter of Town of Islip v New York State Pub. Empl. Relations Bd, 23 NY3d 482, 494 [2014]; Matter of Manhasset Union Free School Dist. v New York State Pub. Empl. Relations Bd., 61 AD3d 1231, 1235 [2009]; compare Matter of Village of Scotia v New York Pub. Empl. Relations Bd., 241 AD2d at 32-33).

Rose, Lynch and Devine, JJ., concur.

ADJUDGED that the determination is modified, without costs, by annulling so much thereof as ordered petitioner Hudson Valley Community College to reinstate members of respondent Hudson Valley Community College Non-Instructional Employees Union to second jobs that they previously held and to pay such employees back wages with interest; matter remitted to respondent Public Employment Relations Board for further proceedings not inconsistent with this Court's decision; and, as so modified, confirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court