Matter of Spence v New York State Dept. of Transp. (2018 NY Slip Op 08594)





Matter of Spence v New York State Dept. of Transp.


2018 NY Slip Op 08594


Decided on December 13, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 13, 2018

526163

[*1]In the Matter of WAYNE SPENCE, as President of the New York State Public Employees Federation, AFL-CIO, Petitioner,
v
NEW YORK STATE DEPARTMENT OF TRANSPORTATION et al., Respondents.

Calendar Date: October 12, 2018

Before: Garry, P.J., Devine, Clark, Aarons and Pritzker, JJ.


New York State Public Employees Federation, AFL-CIO, Albany (John D. Svare of counsel), for petitioner.
Barbara D. Underwood, Attorney General, Albany (Joseph M. Spadola of counsel), for Department of Transportation, respondent.
David P. Quinn, Public Employment Relations Board, Albany, for Public Employment Relations Board, respondent.



MEMORANDUM AND JUDGMENT
Aarons, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Public Employment Relations Board finding that respondent Department of Transportation did not commit an improper employer practice.
Prior to 2013, certain employees with respondent Department of Transportation (hereinafter DOT) were assigned state-owned vehicles for work. In 2007, DOT issued an interim procedure entitled the Manual Administrative Policies and Procedures (hereinafter the manual). The manual required employees to complete an EM-30 form on an annual basis to request the state-owned vehicle and, if applicable, for commuting privileges. In 2013, DOT denied the vehicle requests of several employees for the 2013-2014 fiscal year. Petitioner thereafter filed an improper practice charge with respondent Public Employment Relations Board (hereinafter PERB) alleging that DOT violated the Taylor Law (see Civil Service Law art 14) by unilaterally discontinuing the practice of providing state-owned vehicles. After a hearing, an Administrative Law Judge found that DOT violated the Taylor Law. Upon administrative review, PERB, as relevant here, reversed the Administrative Law Judge's determination. In so doing, PERB concluded that because DOT retained the discretion to annually review whether employees should be assigned a state-owned vehicle, such employees could not have a reasonable [*2]expectation that they would always be provided one. Petitioner subsequently commenced this CPLR article 78 proceeding seeking to annul PERB's determination, and the matter was transferred to this Court.
"The Taylor Law requires all public employers and employee organizations to negotiate in good faith to determine represented employees' terms and conditions of employment" (Matter of Town of Islip v New York State Pub. Empl. Relations Bd., 23 NY3d 482, 491 [2014] [citations omitted]; see Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva, 92 NY2d 326, 331 [1998]; Matter of Unatego Non-Teaching Assn. v New York State Pub. Empl. Relations Bd., 134 AD2d 62, 64 [1987], lv denied 71 NY2d 805 [1988]). Whether a past practice exists depends on whether it "was unequivocal and was continued uninterrupted for a period of time under the circumstances to create a reasonable expectation among the affected unit employees that the practice would continue" (Matter of Albany Police Officers Union, Local 2841, Law Enforcement Officers Union Dist. Council 82, AFSCME, AFL-CIO v New York Pub. Empl. Relations Bd., 149 AD3d 1236, 1238 [2017] [internal quotation marks and citations omitted]). Where, as here, PERB's determination was made after an administrative hearing, such determination must be supported by substantial evidence (see Matter of Town of Islip v New York State Pub. Empl. Relations Bd., 23 NY3d at 492; Matter of Syracuse Police Benevolent Assn. v New York State Pub. Empl. Relations Bd., 24 AD3d 913, 914-915 [2005]; Matter of Village of Scotia v New York State Pub. Empl. Relations Bd., 241 AD2d 29, 31 [1998]).
The record reveals that the assignment of state-owned vehicles to DOT employees was governed by the manual. The manual set forth various criteria to be met in order for a state-owned vehicle to be assigned. For commuting privileges, the manual also provided that an employee could use an assigned state-owned vehicle for commuting purposes "when it can be demonstrated that such vehicle use is for the benefit of the [s]tate, and meets the criteria established for such use." The manual further noted that the assignment of a state-owned vehicle, by itself, did not automatically constitute an approval to use the vehicle for commuting. Under the manual, an employee was to submit an EM-30 form on an annual basis and justify the need for the state-owned vehicle therein.
The testimony at the administrative hearing confirms, and petitioner does not dispute, that the EM-30 forms were completed and submitted each year by the employees. An assistant commissioner for administrative services with DOT testified that, prior to 2013, reviews of the EM-30 forms would be conducted by the individual program managers in the main office or the individual regional directors. One employee likewise testified that the regional director "could either approve it or deny it based on whatever criteria he had to go by at that time." The assistant commissioner stated that, in 2013, if an EM-30 form was denied at the regional level, he would not conduct a further review. If, however, the EM-30 form was approved, he would then review it to see whether the applicant complied with the manual's conditions.
PERB concluded that a past practice of assigning state-owned vehicles with commuting privileges did not exist. In this regard, PERB found that the employees had to annually request such vehicle pursuant to a DOT policy and that DOT retained the discretion to approve or deny such request and, therefore, the employees could not reasonably expect to be assigned a vehicle. In our view, PERB's determination is supported by substantial evidence in the record. Although the vehicle requests were routinely approved, such fact did not create a past practice nor divest DOT of its right to exercise its discretion in granting or denying the requests (see Matter of Public Empls. Fedn., AFL-CIO v New York State Pub. Empl. Relations Bd., 195 AD2d 930, 932 [1993], lv denied 82 NY2d 661 [1993]). In sum, because PERB's determination is supported by substantial evidence, it will not be disturbed notwithstanding the fact that the record contains evidence that would support a contrary result (see Matter of State of N.Y. Dept. of Correctional Servs. v Kinsella, 220 AD2d 19, 24 [1996]).
Garry, P.J., Devine, Clark and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.