■ In the Matter of UNIONDALE UNION FREE SCHOOL DISTRICT, Petitioner, v HAROLD R. NEWMAN et al., Constituting the Public Employment Relations Board, Respondents, and UNIONDALE TEACHERS ASSOCIATION, Intervenor-Respondent.— Proceeding pursuant to CPLR article 78 to review a determination of the New York State Public Employment Relations Board, dated September 1, 1988, which, after a hearing, *inter alia,* determined that the petitioner Uniondale Union Free School District had committed an improper employment practice, and directed the reinstatement of Jacob Howard as a "support skills" program teacher.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with one bill of costs to the respondents and the intervenor-respondent appearing separately and filing separate briefs, the counterclaim of the respondent New York State Public Employment Relations Board for enforcement is granted, and the petitioner is di-

rected to comply with the determination dated September 1, 1988.

In February 1983, Jacob Howard, a Uniondale Union Free School District teacher with a history of visual and mobility problems, was assigned to teach a "support skills" program to a small group of students who were deficient in mathematics. The record indicates that this position was created at least in part to accommodate Howard's health problems, which subsequently caused him to obtain disability leave during the entire 1983-1984 school year. Upon his return to the Walnut Street Elementary School at the commencement of the 1984 school year, Howard was again assigned to teach the support skills program, which was conducted in the school's computer room.

When Howard returned to the Walnut Street School for the 1986-1987 school year, he was once again assigned to the support skills program, which was scheduled to resume in late September. However, shortly after Howard, in his capacity as the grievance coordinator for the Teachers Association, advised his colleagues that they were not obligated to attend an after-school meeting called by their principal, he was informed that the support skills program was being discontinued for lack of space. He was then reassigned as a regular classroom teacher.

Following a hearing, the New York State Public Employment Relations Board (hereinafter PERB) determined that the Uniondale Union Free School District (hereinafter the School District) had violated Public Employees' Fair Employment Act (Civil Service Law § 209-a [1] [a], [c]) by eliminating the support skills program in retaliation against Howard for engaging in the protected activity of advising his colleagues to disregard the administrative directive to attend the after-school meeting. PERB therefore directed the School District to offer Howard reinstatement to the support skills assignment under the conditions that existed prior to its abolition. On review, the School District contends that PERB's factual findings are not supported by substantial evidence, and that PERB erred in directing that Howard be reinstated to the support skills program. We disagree.

It is well established that in order to annul an administrative determination rendered after a hearing, a court must be satisfied that the record lacks substantial evidence to support that determination (see, Matter of Lahey v Kelly, 71 NY2d 135). A reviewing court in passing upon this question of law must review the record as a whole to determine "whether

there exists a rational basis to support the findings upon which the agency's determination is predicated" *(Matter of Purdy v Kreisberg,* 47 NY2d 354, 358; *see,* CPLR 7803 [4]). Where an agency's determination is supported by substantial evidence, it is beyond judicial review, and a reviewing court may not " 'weigh the evidence or reject the choice made by [such agency] where the evidence is conflicting and room for choice exists' " *(Matter of Collins v Codd,* 38 NY2d 269, 271; *Matter of Stork Rest. v Boland,* 282 NY 256; *see also, Matter of Berenhaus v Ward,* 70 NY2d 436, 443-444).

Bearing in mind that discrimination is "accomplished usually by devious and subtle means" *(300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 183), upon our review of the record we find that the School District has failed to meet its burden of establishing that the subject determination is not supported by substantial evidence. While the School District's witnesses maintained at the hearing that the special skills program was eliminated due to lack of space, PERB's determination that this excuse was pretextual is supported by the fact that the program was eliminated almost immediately after Howard advised his colleagues that they were not obligated to attend the after-school meeting, and that his actions admittedly angered both the principal and other School District representatives. Moreover, we note that in rejecting the School District's claim that the program was eliminated due to lack of space, PERB carefully examined the past utilization of the computer room where Howard's program had been situated, and found that Howard used only the rear corner of the room to teach his small group of students while other classes were being conducted. In light of the fact that this dual utilization of the computer room has continued, PERB's determination that there was, in fact, sufficient space to continue Howard's program, is supported by the record.

Finally, we find that PERB's direction that Howard be reinstated as a teacher of the special skills program was neither arbitrary nor capricious. In this regard, we note that the School District's contention that Howard would have been transferred to a regular classroom even absent the improperly motivated decision to eliminate the support skills program is not supported by the record *(cf., Matter of Civil Serv. Employees Assn. Local 1000 v Spencer-Van Etten Cent. School Dist.,* 21 PERB ¶ 3015). Moreover, the remedy fashioned by PERB was designed to make Howard whole for the harm occasioned by improper elimination of a program which was created to accommodate his disabilities, and such a remedy is expressly

authorized by Civil Service Law § 205 (5) (d). Thompson, J. P., Lawrence, Eiber and Ritter, JJ., concur.