■ NASSAU COMMUNITY COLLEGE FEDERATION OF TEACHERS, LOCAL 3150, Petitioner, v NASSAU COUNTY PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the Nassau County Public Employment Relations Board, dated March 16, 1987, which declined to accept the findings and recommendations of a Hearing Officer and dismissed an application by the petitioner, the Nassau Community College Federation of Teachers, Local 3150, (1) to decertify the Adjunct Faculty Association of Nassau Community College as the collective bargaining representative of the adjunct faculty members who are also employed as full-time faculty, and (2) to accrete such faculty members to the Federation for the purpose of representation in connection with their employment as adjunct faculty.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with one bill of costs.

As the agency charged with implementing the policies of the Taylor Law (Civil Service Law § 200 *et seq.),* the Nassau County Public Employment Relations Board (hereinafter PERB) is presumed to have developed an expertise which requires us to accept its construction of that law if not unreasonable *(see, Matter of Town of Mamaroneck PBA v New York State Pub. Employment Relations Bd.,* 66 NY2d 722, 724). Unless PERB's determination is affected by an error of law or is arbitrary and capricious or is an abuse of discretion, this court will not interfere *(see,* CPLR 7803 [3]; *Matter of Uniondale Union Free School Dist. v Newman,* 140 AD2d 612).

We find that the record contains substantial evidence to

support PERB's determination that a community of interest exists between the members of the Adjunct Faculty Association of Nassau Community College (hereinafter AFA), all of whom teach adjunct courses at Nassau Community College, and that the present makeup of AFA does not adversely affect the joint responsibilities of the college and the AFA members in serving the public *(see,* Civil Service Law § 207 [1]; *cf., Matter of Pattison v Coffey,* 102 AD2d 870).

Finally, we take note of the fact that AFA has existed since 1973, and its membership status has been affirmed on previous occasions on essentially the same facts *(see, Matter of Uniondale Union Free School Dist. v Newman,* 140 AD2d 612, *supra; Matter of City School Dist. [Local 810],* 18 PERB ¶ 4085). Thompson, J. P., Brown, Eiber and O'Brien, JJ., concur.