■ In the Matter of COUNTY OF NASSAU, Petitioner, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD, Respondent, and CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Intervenor. [626 NYS2d 235] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Public Employment Relations Board, dated June 29, 1993, which affirmed a decision of an Administrative Law Judge, dated January 6, 1993, finding, *inter alia,* that the petitioner had violated Civil Service Law § 209-a (1) (d) by unilaterally abolishing the long-standing practice of allowing employees of the Department of Public Works who are assigned county-owned motor vehicles in connection with their employment to use those vehicles to drive to and from work.

Adjudged that the determination is confirmed and the proceeding is dismissed, with costs.

The New York State Public Employment Relations Board (hereinafter PERB) properly found that the County of Nassau (hereinafter the County) had violated Civil Service Law § 209-a (1) (d) by unilaterally abolishing the long-standing practice of allowing employees of the Department of Public Works who are assigned County-owned motor vehicles in connection with their employment to use those vehicles to drive to and from work. PERB's determination that the practice was applicable to all employees of the Department of Public Works is clearly supported by substantial evidence (CPLR 7803 [4]; *see, Matter of Uniondale Union Free School Dist. v Newman,* 167 AD2d 475).

The doctrine of collateral estoppel was narrowly applied in this case only to bar relitigation of the same issue that was determined in a prior PERB proceeding in 1980. The County was not barred from litigating, and indeed fully litigated, the issue of the effect of the vehicle use and operating guide, the receipts, and the waiver forms that it began to use between 1985 and 1987. Miller, J. P., Pizzuto, Joy and Krausman. JJ., concur.