■ In the Matter of LOCAL 589, INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, AFL-CIO, Respondent, v MICHAEL R. CUEVAS, as Chairman of the New York State Public Employment Relations Board, et al., Appellants. CITY OF NEWBURGH, Intervenor-Appellant. [705 NYS2d 680] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Public Employment Relations Board, dated August 17, 1998, which dismissed the petitioner's charge of improper practice against the City of Newburgh, the appeals, by permission, are from an order of the Supreme Court, Orange County (Leavitt, J.), dated January 7, 1999, which annulled the determination and remitted the matter to the New York State Public Employment Relations Board for consideration of the charge.

Ordered that the order is reversed, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, the determination is confirmed, and the proceeding is dismissed on the merits.

The scope of judicial review of a determination of the New York State Public Employment Relations Board (hereinafter PERB) interpreting the Civil Service Law is limited, and unless the determination is affected by an error of law or is arbitrary and capricious it will be upheld (*see,* CPLR 7803 [3]; *Matter of Incorporated Vil. of Lynbrook v New York State Pub. Empl. Relations Bd.,* 48 NY2d 398, 404). As the agency charged with implementing the policies of the Taylor Law (*see,* Civil Service Law § 200 *et seq.*), PERB is presumed to have developed an expertise which requires the courts to accept its construction of that law if it is not unreasonable (*see, Matter of Town of Mamaroneck PBA v New York State Pub. Empl. Relations Bd.,* 66 NY2d 722, 724; *Nassau Community Coll. Fedn. of Teachers v Nassau County Pub. Empl. Relations Bd.,* 173 AD2d 529). As long as the PERB interpretation is legally permissible and does not breach constitutional rights or protections, the courts will not disturb that determination (*see, Matter of Incorporated Vil. of Lynbrook v New York State Pub. Empl. Relations Bd., supra,* at 404).

The City of Newburgh and the petitioner firefighters' union negotiated an agreement containing "Section 207-a Procedure" (hereinafter the Procedure) which governs the application for and award of disability benefits under General Municipal Law § 207-a. Section 21 of the Procedure contains clear and unambiguous language providing that "[a]ny claim of violation, misapplication, or misinterpretation of the terms" of the Procedure "shall be subject to review only by judicial proceeding".

In response to an improper practice charge filed by the petitioner, PERB determined that it was procedurally barred by Section 21 from reviewing the charge. The Supreme Court annulled that determination. Contrary to the Supreme Court's finding that PERB had "erroneously" interpreted Section 21, PERB's dismissal of the petitioner's improper practice charge was based upon a reasonable interpretation of that section.

According to the petitioner, the alleged improper practice presented for review is the City's requirement that a disabled firefighter's physician fill out a newly-created form. This form would provide information to the Chief of the Fire Department to facilitate the statutorily-vested authority to determine the initial and continuing eligibility of a firefighter for disability benefits. The new physician's form is, purportedly, an amended

version of a previous form, which, the petitioner contends, was used as part of an established past practice in the Procedure. The petitioner claims that any change in past practice is subject to negotiation before its implementation (*see, e.g., Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva,* 92 NY2d 326, 331; *Matter of Unatego Non-Teaching Assn. v New York State Pub. Empl. Relations Bd.,* 134 AD2d 62, 64).

We agree with PERB that the petitioner's contention is, essentially, that the new documentation requirement violates the established terms of the Procedure. The alleged violation, therefore, must be viewed in relation to the terms of the Procedure. In light of the clear and unambiguous language of Section 21 of the Procedure, however, PERB's determination that it could not review the improper practice charge was a reasonable and supportable interpretation of the parties' agreement, and will not be disturbed (*see, Matter of Incorporated Vil. of Lynbrook v New York State Pub. Empl. Relations Bd., supra*).

The petitioner's remaining contention is without merit. Bracken, J. P., O'Brien, Sullivan and Luciano, JJ., concur.