■ BROADWAY FAMOUS PARTY RENTAL, Respondent, v CIPRIANI 42ND STREET, L. L. C., Appellant. BROADWAY FAMOUS PARTY RENTAL, Respondent, v CIPRIANI 5TH AVENUE L. L. C., Appellant. [734 NYS2d 433] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered December 13, 2000, which, *inter alia*, denied defendants' motions to vacate certain default judgments obtained against them by plaintiff, unanimously affirmed, with costs.

Vacatur of the default judgments at issue is precluded by

defendant's agreement with plaintiff settling the two actions against it in which the subject default judgments had been obtained by plaintiff. "Stipulations of settlement are favored by the courts and not lightly cast aside" (*Hallock v State of New York*, 64 NY2d 224, 230; *see also, Matter of Guttenplan*, 222 AD2d 255, 256-257, *lv denied* 88 NY2d 812), and only "where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (*Hallock v State of New York, supra*, at 230). Although defendant is intent upon revisiting the propriety of the underlying default judgments, insisting that they were the product of fraud, the settlement agreement was an independent contract between the parties (*see, Jablonski v Jablonski*, 275 AD2d 692, 693). Defendant, not having demonstrated any basis to excuse it from complying therewith, may not avoid its enforcement by attacking the default judgments or claiming, in a conclusory manner, that it was compelled to settle the actions under the threat of execution (*see, Matter of Guttenplan*, 222 AD2d 255, 257, *lv denied* 88 NY2d 812). Concur—Tom, J. P., Andrias, Rubin, Buckley and Friedman, JJ.