■ In the Matter of SUFFOLK COUNTY LEGISLATURE et al., Petitioners, v MICHAEL R. CUEVAS et al., Respondents. [755 NYS2d 859] —Proceeding pursuant to CPLR article 78 to review a determination of the New York State Public Employment Relations Board, dated August 10, 2001, which, after a hearing, sustained an improper practice charge against the petitioners.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with one bill of costs.

This proceeding was properly transferred to this Court pursuant to CPLR 7804 (g) because the petition raises a question of substantial evidence (*see* CPLR 7803 [4]). The scope of judicial review of an interpretation by the New York State Public Employment Relations Board (hereinafter PERB) of the Civil Service Law is limited, and unless the determination is affected by an error of law, is arbitrary and capricious, an abuse of discretion, or is not supported by substantial evidence, it will be upheld (*see* CPLR 7803 [3]; *Matter of Incorporated Vil. of Lynbrook v New York State Pub. Empl. Relations Bd.,* 48 NY2d 398, 404 [1979]). As the agency charged with implementing the policies of the Taylor Law (*see* Civil Service Law § 200 *et seq.*), PERB is presumed to have developed an expertise which requires the courts to accept its construction of that law if it is not unreasonable (*see Matter of Town of Mamaroneck PBA v New York State Pub. Empl. Relations Bd.,* 66 NY2d 722, 724 [1985]; *Nassau Community Coll. Fedn. of Teachers, Local 3150 v Nassau County Pub. Empl. Relations Bd.,* 173 AD2d 529 [1991]). As long as the PERB interpretation is legally permissible and does not breach constitutional rights or protections, the court will not disturb the determination (*see Matter of Incorporated Vil. of Lynbrook v New York State Pub. Empl. Relations Bd., supra* at 404).

The petitioner, the Suffolk County Legislature, enacted Resolution No. 315-1999, which permitted a single specified county employee to qualify for a tuition reimbursement benefit although he had been employed by the county for less than one year. Employment for one year is required by the Administrative Code of Suffolk County § A6-2, enacted in accordance with a collective bargaining agreement entered into by the petitioner County of Suffolk and the respondent Suffolk County Association of Municipal Employees, Inc. PERB determined that this Resolution, tantamount to a waiver of the one-year period required for a specific individual, violated Civil Service Law § 209-a (1) (a). This prohibits public employers from interfering with union representation rights that Civil Service Law § 202

gives to public employees. This determination was reasonable and will not be disturbed (see *Matter of Incorporated Vil. of Lynbrook v New York State Pub. Empl. Relations Bd., supra* at 406).

The petitioners' remaining contentions are without merit. Florio, J.P., Crane, Cozier and Rivera, JJ., concur.