■ In the Matter of COLD SPRING HARBOR TEACHERS ASSOCIATION, Appellant, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents. [783 NYS2d 835]—

Proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent New York State Public

Employment Relations Board dated April 4, 2003, as, after a hearing, dismissed the petitioner's improper labor practice charge on the ground that the respondent Cold Spring Harbor Central School District did not violate Civil Service Law § 209-a (1) (d).

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with one bill of costs.

The Cold Spring Harbor Teachers Association (hereinafter the Association) filed an improper labor practice charge with the New York State Public Employment Relations Board (hereinafter PERB) alleging that the Cold Spring Harbor Central School District (hereinafter the School District) violated Civil Service Law § 209-a (1) (a) and (d) by unilaterally transferring exclusive teaching work to teaching assistants who were not members of the teachers' bargaining unit. The Association complained that two teaching assistants, who were providing Academic Intervention Services (hereinafter AIS) to elementary school students, were working independently without the supervision of a teacher. The AIS program was implemented in 2000 to assist students who risked not meeting the state standards on assessment tests in various subjects (see 8 NYCRR 100.2 [ee]).

After a two-day hearing, the Administrative Law Judge (hereinafter the ALJ), inter alia, dismissed the improper labor practice charge insofar as it alleged that the School District violated Civil Service Law § 209-a (1) (a), but sustained the charge insofar as it alleged that the School District violated Civil Service Law § 209-a (1) (d), which provides, in relevant part, that "[i]t shall be an improper [labor] practice for a public employer or its agents deliberately . . . to refuse to negotiate in good faith with the duly recognized or certified representatives of its public employees." The School District asserted five exceptions to the ALJ's decision and, upon review, PERB reversed the decision in part. Although PERB accepted the ALJ's factual finding that the teaching assistants were performing exclusive bargaining unit work, PERB concluded that the Association failed to establish that the School District or its agents, namely, the two elementary school principals, deliberately assigned, encouraged, or condoned the practice.

The scope of judicial review of PERB's interpretation of the Civil Service Law is limited and the courts will not interfere unless PERB's determination is arbitrary and capricious, affected by an error of law, constitutes an abuse of discretion, or is not supported by substantial evidence (see CPLR 7803 [3]; Matter of

*Incorporated Vil. of Lynbrook v New York State Pub. Empl. Relations Bd.*, 48 NY2d 398, 404 [1979]; *Matter of Suffolk County Legislature v Cuevas*, 303 AD2d 415 [2003]).

Contrary to the Association's contention, PERB's determination in this case, which was consistent with the relevant precedents (*see Matter of Civil Serv. Empl. Assn., Inc., Local 1000, AFSCME, AFL-CIO*, 36 PERB ¶ 3011 [2003]; *Matter of Schenectady Police Benevolent Assn.*, 26 PERB ¶ 3038 [1993]; *Matter of Niagra Frontier Transp. Auth.*, 18 PERB ¶ 3083 [1985]), was not arbitrary and capricious, affected by an error of law, or an abuse of discretion.

In addition, there was substantial evidence in the record as a whole to support PERB's conclusion that the School District did not specifically, or by acquiescence, assign unit work to the teaching assistants. Although an ALJ's credibility findings generally are entitled to great weight, they are not conclusive and may be overruled by an administrative board, provided, however, that the board's determination is supported by substantial evidence (*see Matter of Simpson v Wolansky*, 38 NY2d 391, 394 [1975]; *Matter of Benson v Cuevas*, 293 AD2d 927, 930 [2002]; *Matter of State of New York [Governor's Off. of Empl. Relations] v New York State Pub. Empl. Relations Bd.*, 91 AD2d 718, 719 [1982]).

The Association's remaining contentions are without merit. Florio, J.P., Schmidt, Mastro and Fisher, JJ., concur.