■ In the Matter of SUPERIOR OFFICERS ASSOCIATION OF POLICE DEPARTMENT OF COUNTY OF NASSAU, INC., Petitioner, v STATE OF NEW YORK PUBLIC EMPLOYMENT RELATIONS BOARD, Respondent. [808 NYS2d 89]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent, State of New York Public Employment Relations Board, dated May 26, 2004, which reversed a determination of an administrative law judge, dated December

30, 2003, finding, after a hearing, that the County of Nassau had engaged in an improper labor practice, and dismissed the petitioner's charge against the County of Nassau.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

Judicial review of an administrative determination made after a hearing required by law is limited to whether that determination is supported by substantial evidence (*see Matter of Jennings v New York State Off. of Mental Health,* 90 NY2d 227, 239 [1997]). Substantial evidence has been defined as "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180 [1978]). Moreover, "[t]he courts may not weigh the evidence or reject the choice made by [an administrative agency] where the evidence is conflicting and room for choice exists" (*Matter of Stork Rest. v Boland,* 282 NY 256, 267 [1940]).

Furthermore, judicial review of the interpretation of the respondent, State of New York Public Employment Relations Board (hereinafter PERB), of the Civil Service Law is limited to whether its determination "was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]; *see Matter of Incorporated Vil. of Lynbrook v New York State Pub. Empl. Relations Bd.,* 48 NY2d 398, 404 [1979]). "So long as PERB's interpretation is legally permissible and so long as there is no breach of constitutional rights and protections, the courts have no power to substitute another interpretation" (*Matter of West Irondequoit Teachers Assn. v Helsby,* 35 NY2d 46, 50 [1974]).

In the instant case, substantial evidence supported PERB's determination that the County of Nassau did not violate Civil Service Law § 209-a (1) (d) by discontinuing a practice whereby sergeants assigned to the Applicant Investigations Unit of the Nassau County Police Department were assigned County-owned vehicles for use 24 hours a day, seven days per week. The petitioner failed to establish that the County authorized, ratified, or condoned the practice (*see Matter of Cold Spring Harbor Teachers Assn. v New York State Pub. Empl. Relations Bd.,* 12 AD3d 442, 443 [2004]; *Matter of Civil Serv. Empl. Assn., Inc., Local 1000, AFSCME, AFL-CIO,* 36 PERB ¶ 3011 [2003]). Florio, J.P., Ritter, Krausman and Skelos, JJ., concur.