■ In the Matter of HILLEL MINZER, Petitioner, v RANDY A. DANIELS, Respondent. [812 NYS2d 656]—

Proceeding pursuant to CPLR article 78 to review a determination of the Secretary of State of the State of New York, dated December 27, 2004, which affirmed a decision of an Administrative Law Judge, made after a hearing, denying the petitioner's application for a private investigator's license.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed, with costs.

Judicial review of an administrative determination made after a hearing required by law is limited to whether that determination is supported by substantial evidence (*see Matter of Jennings v New York State Off. of Mental Health,* 90 NY2d 227, 239 [1997]). Substantial evidence has been defined as "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180 [1978]). Moreover, "[t]he courts may not weigh the evidence or reject the choice made by [an administrative agency] where the evidence is conflicting and room for choice exists" (*Matter of Stork*

*Rest. v Boland,* 282 NY 256, 267 [1940]; *see Matter of Superior Officers Assn. of Police Dept. of County of Nassau, Inc. v State of N.Y. Pub. Empl. Relations Bd.,* 23 AD3d 481 [2005], *lv denied* 6 NY3d 709 [2006]).

The petitioner sought a license as a private investigator, but his application was denied after a hearing by the Division of Licensing Services, and the denial was affirmed by the designee of the Secretary of State.

Because the petitioner was never an investigator for the state police, a city or county police department, a state agency, or a private investigator, and he was not a police officer or fire marshal for 20 years, he could obtain a private investigator's license only if he had "equivalent position and experience" (General Business Law § 72 [1]; *see* 19 NYCRR 172.1). Although the petitioner conducted investigations for his employer over a period of many years, and an additional, personal, investigation into the whereabouts of a certain person, those investigations were never "conducted on a full-time basis in a position the primary duties of which were to conduct investigations and same comprised the major portion of [the petitioner's] activities therein." (*Id.*) Consequently, the investigations did not qualify the petitioner for a license as a private investigator under the statute and regulation, and the determination to deny the petitioner's application for a private investigator's license was supported by substantial evidence. Schmidt, J.P., Crane, Rivera and Spolzino, JJ., concur.