■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, Petitioner, v NEW YORK

State Public Employment Relations Board, Respondent. [826 NYS2d 481]—

Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which dismissed petitioner's improper practice charge.

Petitioner represents Frank Williams, a local president of petitioner and a cleaner at the State University of New York—Purchase (hereinafter SUNY). It is uncontroverted that Williams was a vocal and active president, filing many grievances on behalf of union members, and SUNY administrators and supervisors were aware of his union activities. During the summer of 2003, Williams was transferred from his evening and weekend shift to a weekday shift. SUNY also investigated the status of Williams' driver's license after receiving an anonymous tip. Petitioner filed an improper practice charge (see Civil Service Law § 209-a [1] [a], [c]) alleging that these acts constituted retaliation for Williams' participation in protected union activities. After a hearing, an Administrative Law Judge (hereinafter ALJ) found insufficient evidence that the reassignment was retaliatory, but held that the driver's license investigation was improper. In response to exceptions by both parties, respondent affirmed the ALJ's finding regarding the reassignment but reversed the finding regarding the license investigation, thus dismissing the entire improper practice charge. Petitioner is challenging that determination in this proceeding.

Under our limited review power, we find that respondent's decision is supported by substantial evidence (see Matter of Syracuse Police Benevolent Assn. v New York State Pub. Empl. Relations Bd., 24 AD3d 913, 914-915 [2005]; Matter of Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO v New York State Pub. Empl. Relations Bd., 301 AD2d 946, 947 [2003]). Although an ALJ's credibility determinations and findings based thereon are generally entitled to deference, those findings are not conclusive and may be overruled by the ultimate administrative decision maker, so long as the ultimate decision is based upon

substantial evidence (*see Matter of Cold Spring Harbor Teachers Assn. v New York State Pub. Empl. Relations Bd.*, 12 AD3d 442, 444 [2004]; *Matter of Benson v Cuevas*, 293 AD2d 927, 930 [2002], *lv denied* 98 NY2d 611 [2002]).

Here, the only real issue was whether SUNY's actions regarding Williams were improperly motivated by his union activities. The evidence showed that SUNY reassigned all custodial employees to the weekday shift for the summer of 2003. This was a regular practice, although Williams had been spared the shift change the previous year due to a special request by the manager of the building where he customarily worked. In fact, Williams continued to work his regular shift more than a month longer than other custodial employees in 2003 due to the building manager's request, but went to the weekday schedule when no full-time employee was needed on that shift for the remainder of the summer. Substantial evidence supports the finding that SUNY's reassignment of Williams was unrelated to his union activities, and was instead in furtherance of SUNY's operating needs.

Respondent's determination regarding SUNY's investigation of Williams' driver's license was also supported by substantial evidence. As a result of an anonymous phone tip that Williams did not have a valid driver's license, SUNY officials ran a search in a statewide database. It was reasonable to verify that Williams was a licensed driver, as he drove his vehicle onto campus for each shift and employees in his department had access to state vehicles, even if he personally never drove one. Although the anonymous call came from a phone used by the head custodian, who admittedly had a contentious relationship with Williams, up to 10 other individuals had access to that phone, the head custodian denied making the call and the official who answered the call did not recognize the voice as belonging to the head custodian. The investigation was not entirely unfounded, as Williams did not possess a New York driver's license but was licensed in Rhode Island, despite having lived in this state for over 30 years. Respondent rationally declined to accept certain of the ALJ's credibility determinations, and the decision based on those findings, because many of those determinations were unsupported by the record evidence (*see Matter of Benson v Cuevas, supra* at 930-931).

Mercure, J.P., Crew III, Carpinello and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.