■ In the Matter of THOMAS ABRAHAM, Petitioner, v MICHAEL R. CUEVAS et al., Respondents. [837 NYS2d 573]—

Proceeding pursuant to CPLR article 78 to review a determination of the State of New York Public Employment Relations Board, dated February 28, 2003, which affirmed a decision of an Administrative Law Judge dated November 27, 2002, dismissing, after a hearing, the petitioner's improper practice charge against the Transport Workers Union of Greater New York, Local 100.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed, with one bill of costs.

Judicial review of an administrative determination made after a hearing required by law, and at which evidence was taken, is limited to whether that determination is supported by substantial evidence (*see Matter of Jennings v New York State Off. of Mental Health,* 90 NY2d 227, 239 [1997]; *Matter of Superior Officers Assn. of Police Dept. of County of Nassau, Inc. v State of N.Y. Pub. Empl. Relations Bd.,* 23 AD3d 481, 482 [2005]). Substantial evidence has been defined as "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180 [1978]).

In the instant case, substantial evidence supports the findings of the State of New York Public Employment Relations Board (hereinafter PERB) that the petitioner's improper practice charge against his union was untimely filed (*see* 4 NYCRR 204.1

[a] [1]) and, in any event, without merit (*see* Civil Service Law § 209-a [2] [c]; *Matter of Garvin v New York State Pub. Empl. Relations Bd.*, 168 AD2d 446, 446-447 [1990]). Accordingly, PERB's determination to dismiss that charge must be confirmed.

The petitioner's remaining contentions are without merit. Mastro, J.P., Dillon, Covello and Dickerson, JJ., concur.