■ In the Matter of FASHION INSTITUTE OF TECHNOLOGY, Petitioner, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents. [891 NYS2d 371]—

The standard of review here is whether there is substantial evidence to support respondent Board's determination (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176 [1978]). The standard was met by evidence showing that the practice of computing day adjuncts' pay per semester on the basis of 16 weeks is subject to collective bargaining (*see* Civil Service Law § 201 [4]; § 204 [2]), that the practice "was unequivocal and was continued uninterrupted for a period of time under the circumstances to create a reasonable expectation among the affected unit employees that the [practice] would continue" (*Matter of Manhasset Union Free School Dist. v New York State Pub. Empl. Relations Bd.*, 61 AD3d 1231, 1233 [2009] [internal quotation marks and citations omitted]), and that petitioner had actual or constructive knowledge of the practice.

We find that the remedy of directing petitioner, inter alia, to reimburse any wages and benefits lost as a result of its unilateral change in computation is reasonable (*see* Civil Service Law § 205 [5] [d]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Tom, Sweeny, Freedman and Abdus-Salaam, JJ.