Proceeding pursuant to CPLR article 78 to review a determination of the New York State Public Employment Relations Board dated May 27, 2011, which affirmed a decision of an administrative law judge dated March 1, 2010, finding, after a hearing, that an improper practice charge filed by Local 237, International Brotherhood of Teamsters and United Public Service Employees Union, alleging that the petitioner, Town of Islip, violated Civil Service Law § 209-a (1) (d) was established, and directing the Town of Islip, inter alia, to “restore the vehicle assignments for commutation between home and work to those unit members who enjoyed the benefit prior to April 4, 2008,” and to “make whole unit employees for the extra expenses incurred as a result of the unilateral withdrawal of the vehicle assignments, if any, together with interest at the maximum *779 legal rate,” and, in effect, cross petition by the New York State Public Employment Relations Board to enforce its order.
Adjudged that the determination is confirmed, the petition is denied, the proceeding is dismissed on the merits, the cross petition is granted, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the issuance of an order compelling compliance with this decision and judgment (see Civil Service Law § 213 [c]).
The Town of Islip Code of Ethics and Financial Disclosure Law provides, in part, that “[n]o officer or employee shall request or permit the use of Town-owned vehicles, equipment, material or property for personal convenience or profit, except when such services are available to the public generally or are provided as municipal policy for the use of such officer or employee in the conduct of official business” (Code of Town of Islip § 14-12). Since approximately 1990, the Town of Islip has had a written policy concerning the use of Town vehicles. The version of the policy in effect in 2007 stated that employees who “by nature of their positions are required to be on call twenty-four hours a day . . . will be assigned the [permanent] use of a Town car.” Additionally, “[o]nly those employees who have written authorization from the Supervisor will be granted this privilege.” That policy also provided that “temporary” vehicle assignments for official use were available if requested by Department Heads and approved by the Supervisor.
For at least 15 years prior to 2007, the policy was frequently ignored with respect to assignments of Town vehicles for permanent use. Supervisory personnel permanently assigned Town vehicles to numerous employees who were not on call 24 hours a day. The employees were required to record the mileage of the vehicles assigned to them, and to file weekly reports. The cars were maintained by the Town and fueled at the Town’s expense at Town facilities. For those employees who were not required to be on call 24 hours a day, a tax charge for the value of the vehicle assignment was deducted from their paychecks at the direction of the payroll office.
In late 2007, the Town and a union representing certain Town employees were negotiating two new collective bargaining agreements. At first, the parties negotiated over a Town proposal regarding employee use of Town vehicles, but the Town withdrew its proposal and argued that the permanent use of Town-owned vehicles was not a mandatory subject of collective bargaining. When negotiations were at an impasse in early 2008 on various issues, the Town Board passed a resolution limiting the assignment of “take-home” vehicles to elected officials, *780 emergency responders, and employees who lacked a fixed work location. As a result of the Town’s unilateral action, approximately 45 union member employees lost their assignments of Town vehicles for permanent use.
The two unions then representing the affected employees filed an improper practice charge with the New York State Public Employment Relations Board (hereinafter the PERB). They argued, inter alia, that the long-extant practice of assigning Town vehicles for permanent use to persons who did not qualify for them under the Town’s written policy had given rise to a “past practice” as to an economic benefit. Any change in that practice, the unions asserted, was a “mandatory” subject of collective bargaining, and the Town’s change in policy constituted an improper employment practice.
After a hearing, a PERB administrative law judge determined that the longstanding practice of assigning Town vehicles to employees for permanent use became a past practice regarding the terms and conditions of employment, notwithstanding that those permanent assignments were in conflict with the written policy then ostensibly in effect. Thus, the administrative law judge held, the Town had engaged in an improper practice by unilaterally taking away the vehicles. The administrative law judge directed the Town to restore the vehicles to the employees and compensate the employees for the period during which they were without the vehicles. The Town filed exceptions to the decision, and the PERB, in its final determination, affirmed the administrative law judge’s decision.
The Town then commenced this proceeding pursuant to CPLR article 78 to review the PERB determination. The PERB, in effect, cross-petitioned to enforce the PERB determination. The Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g).
Under the Taylor Law (Civil Service Law art 14), a public employer is obligated to negotiate in good faith with the bargaining representative of its current employees regarding the “terms and conditions of employment” (Civil Service Law § 204). The failure to negotiate in good faith is an improper employment practice (see Civil Service Law § 209-a [1] [d]). “Pursuant to this duty to negotiate, where a past practice between a public employer and its current employees is established, involving a mandatory subject of negotiation, the Taylor Law would bar the employer from discontinuing that practice without prior negotiation” (Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva, 92 NY2d 326, 331 [1998]; see Matter of Chenango Forks Cent. School Dist. v New York State Pub. Empl. *781 Relations Bd., 95 AD3d 1479, 1480 [2012]). The PERB is authorized to determine disputes as to improper employment practices, and to take affirmative action to effectuate the policies of the Taylor Law (see Civil Service Law § 205 [5] [d]). In determining what may constitute a past practice giving rise to a mandatory subject of negotiation, the PERB “focuses on whether the employer’s ‘practice was unequivocal and was continued uninterrupted for a period of time under the circumstances to create a reasonable expectation among the affected unit employees that the [practice] would continue’ ” (Matter of Manhasset Union Free School Dist. v New York State Pub. Empl. Relations Bd., 61 AD3d 1231, 1233 [2009] [internal quotation marks omitted], quoting Matter of Chenango Forks Teachers Assn., NYSUT, AFT, AFL-CIO, Local 2561 [Chenango Forks Cent. Sch. Dist.], 40 PERB ¶ 3012 [2007]; see Matter of Chenango Forks Cent. School Dist. v New York State Pub. Empl. Relations Bd., 95 AD3d at 1482; Matter of Fashion Inst. of Tech. v New York State Pub. Empl. Relations Bd., 68 AD3d 605, 605 [2009]).
Since the PERB’s determination was “made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law,” we must determine whether it is supported by “substantial evidence” (CPLR 7803 [4]; see Matter of Jennings v New York State Off. of Mental Health, 90 NY2d 227, 239 [1997]; Matter of Abraham v Cuevas, 41 AD3d 840, 840 [2007]; Matter of Incorporated Vil. of Lake Success v New York State Pub. Empl. Relations Bd., 41 AD3d 599, 599 [2007]; Matter of Superior Officers Assn. of Police Dept. of County of Nassau, Inc. v State of N.Y. Pub. Empl. Relations Bd., 23 AD3d 481, 482 [2005]). However, in light of certain of the Town’s contentions, we must also inquire whether the determination “was affected by an error of law or was arbitrary and capricious or an abuse of discretion” (CPLR 7803 [3]; see Matter of Superior Officers Assn. of Police Dept. of County of Nassau, Inc. v State of N.Y. Pub. Empl. Relations Bd., 23 AD3d at 482). Specifically, the Town contends that, since its Ethics Code forbids the use of Town vehicles in violation of Town policy, the Town could not be forced to engage in collective bargaining over the issue. In addition, the Town contends that, as a matter of law, the employees could not have a reasonable expectation that the assignment of Town vehicles for permanent use would continue, because such an assignment of vehicles violated the Town Ethics Code.
The PERB’s determination was not affected by an error of law. First, the Town could be required to collectively bargain over the issue. The Town government was responsible for *782 administering the Ethics Code and for managing its vehicle fleet. Yet, as substantial evidence in the record establishes, the Town frequently and openly ignored that Code and its policy for managing its vehicle fleet, only to contend later that the Code allowed it to act unilaterally in taking the vehicles away from the employees who had been permanently provided with them. The PERB was not required to give more effect to the Town Ethics Code than the Town itself gave to it. Second, for similar reasons, it cannot be said as a matter of law that it is unreasonable for employees to rely on the administering authority’s interpretation and implementation of its policy and Ethics Code. Consequently, the PERB’s determination was not affected by an error of law, arbitrary and capricious, or an abuse of discretion (see CPLR 7803 [3]; Matter of Superior Officers Assn. of Police Dept. of County of Nassau, Inc. v State of N.Y. Pub. Empl. Relations Bd., 23 AD3d at 482).
Moreover, the PERB’s determination was supported by substantial evidence. “Substantial evidence” is “such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact” (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]; see Matter of Benito v Calero, 102 AD3d 778 [2013]). The evidence in the record supported the PERB’s determination that the assignment of Town vehicles to the affected employees for permanent use was unequivocal and continued uninterrupted for a period of time which, under the circumstances, created a reasonable expectation among the affected unit employees that the practice would continue. The assignment of Town vehicles by Town officials to nonqualifying employees was done openly and without any indication to the employees that it was other than legitimate. The payroll office was notified to deduct a certain amount from the employees’ paychecks to account for the value of the benefit. Moreover, the practice continued unabated for many years. Consequently, the PERB properly determined that the assignment of vehicles to the affected employees for permanent use constituted a past practice as to a term or condition of employment, and that the Town engaged in an improper practice by refusing to engage in collective bargaining as to a change to that term or condition (see Matter of Chenango Forks Cent. School Dist. v New York State Pub. Empl. Relations Bd., 95 AD3d at 1483; Matter of Manhasset Union Free School Dist. v New York State Pub. Empl. Relations Bd., 61 AD3d at 1233-1234; Matter of County of Nassau v New York State Pub. Empl. Relations Bd., 215 AD2d 381 [1995]; Matter of Uniondale Union Free School Dist. v Newman, 167 AD2d 475, 476-477 [1990]; cf. Matter of Lippman v Public Empl. Relations Bd., 296 AD2d 199 [2002]).
*783 The Town’s remaining contentions are without merit.
Finally, the PERB is entitled to an order compelling compliance with this decision and judgment (see Civil Service Law §§ 205 [5] [d]; 213 [a], [c]; Matter of New York City Tr. Auth. v New York State Pub. Empl. Relations Bd., 78 AD3d 1184, 1187 [2010], affd 19 NY3d 876 [2012]; Matter of Hampton Bays Union Free School Dist. v Public Empl. Relations Bd., 62 AD3d 1066, 1069 [2009]).
Accordingly, we confirm the determination, deny the petition, dismiss the proceeding on the merits, grant the cross petition, and remit the matter to the Supreme Court, Suffolk County, for the issuance of an order compelling compliance with this decision and judgment Skelos, J.E, Balkin, Dickerson and Hinds-Radix, JJ., concur.