### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  March 24, 2016                    520713
_____

In the Matter of STATE OF
    NEW YORK,
                        Appellant,

        v                              MEMORANDUM AND ORDER

PUBLIC EMPLOYMENT RELATIONS
    BOARD et al.,
                        Respondents.
_____

Calendar Date:  January 14, 2016

Before:  McCarthy, J.P., Garry, Lynch, Devine and Clark, JJ.

_____

Michael N. Volforte, Governor's Office of Employee Relations, Albany, for appellant.

David P. Quinn, Public Employment Relations Board, Albany, for Public Employment Relations Board, respondent.

Lisa M. King, New York State Public Employees Federation, AFL-CIO, Albany (Edward J. Aluck of counsel), for New York State Public Employees Federation, AFL-CIO, respondent.

_____

Clark, J.

Appeal from a judgment of the Supreme Court (Collins, J.), entered December 10, 2014 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Public Employment Relations Board denying petitioner's request to withdraw from a stipulation of settlement and vacate an interim decision issued thereupon.

In 2010, respondent Public Employees Federation, AFL-CIO (hereinafter PEF) – the collective bargaining representative of those of petitioner's employees in the Professional, Scientific and Technical Services bargaining unit (hereinafter PS&T unit) – filed a petition with respondent Public Employment Relations Board (hereinafter PERB) seeking to be certified as the negotiating representative of roughly 2,000 unrepresented positions and placement of those positions into the PS&T unit. In 2013, the Governor's Office of Employee Relations (hereinafter GOER) and PEF notified PERB's Director of Public Employment Practices and Representation (hereinafter the Director) that the parties had reached a stipulation of settlement, namely, that PEF had agreed to withdraw 11 similar representation petitions pending before PERB and that petitioner had agreed to the placement of 250 of the 2,000 unrepresented positions into the PS&T unit. The parties expressly agreed that the employees in the 250 positions, which were listed in an attached appendix, were "not assigned to any duties that would bring them within the definition of managerial and/or confidential under [Civil Service Law] § 201.7 (a)" and that the individuals in those positions "share[d] a general community of interest with other [s]tate employees in the PS&T [u]nit."

In reliance upon the stipulation, the Director issued an interim decision placing the subject positions in the PS&T unit. Shortly thereafter, GOER moved on behalf of petitioner to vacate the stipulation and the interim decision on the basis that it had failed to provide sufficient guidance to the impacted agencies to allow them to make a determination as to whether the employees in the subject positions served in a managerial or confidential capacity and that, due to this failure, certain of the employees were not, as represented in the stipulation, public employees under the Taylor Law. The Director denied the motion, and petitioner filed exceptions to both the interim decision and the motion ruling. Upon review, PERB, among other things, denied petitioner's exceptions and granted PEF's petition to the extent of placing the 250 positions into the PS&T unit. Petitioner then commenced this CPLR article 78 proceeding seeking review of PERB's determination. Supreme Court confirmed the determination and dismissed the petition, prompting this appeal.

We begin by acknowledging our limited scope of review in matters involving PERB's interpretation of the Civil Service Law (see Matter of Cold Spring Harbor Teachers Assn. v New York State Pub. Empl. Relations Bd., 12 AD3d 442, 443 [2004]; Matter of Suffolk County Legislature v Cuevas, 303 AD2d 415, 415 [2003]). "As the agency charged with implementing the fundamental policies of the Taylor Law, [PERB] is presumed to have developed an expertise and judgment that requires us to accept its construction if not unreasonable" (Matter of Incorporated Vil. of Lynbrook v New York State Pub. Empl. Relations Bd., 48 NY2d 398, 404 [1979]; see Civil Service Law § 205 [5] [a]; Matter of Suffolk County Legislature v Cuevas, 303 AD2d at 415). Accordingly, we will not disturb PERB's determination unless it was affected by an error of law or was arbitrary and capricious or an abuse of discretion (see Matter of Town of Islip v New York State Pub. Empl. Relations Bd., 23 NY3d 482, 494 [2014]; Matter of Superior Officers Assn. of Police Dept. of County of Nassau, Inc. v State of N.Y. Pub. Empl. Relations Bd., 23 AD3d 481, 482 [2005], lv denied 6 NY3d 709 [2006]).

Petitioner argues that PERB's refusal to vacate the stipulation and the interim decision was arbitrary and capricious because the stipulation did not provide a sufficient factual basis to determine whether placement of the 250 positions into the PS&T unit was appropriate and because, in issuing the interim decision, the Director relied on representations made in the stipulation without conducting an independent investigation into the appropriateness of the placement. We disagree. The Director is charged with investigating all questions relating to representation status, including whether the public employees to be included in the unit share a community of interest and "whether there is agreement among the parties as to the appropriateness of the alleged unit," and disposing of those questions "[a]fter completion of the investigation or hearing, as the case may be, or upon the consent of the parties" (4 NYCRR 201.9 [a] [1]; [g]; see Civil Service Law § 205 [5] [b]). A fair reading of the applicable regulatory provisions demonstrates that the Director is not required to conduct an independent inquiry into representation issues when the parties agree on unit placement (see 4 NYCRR 201.9 [a] [1]; [g]). Here, the stipulation of settlement reflected that the parties agreed that

the employees to be included in the unit, whose positions were listed in an attached appendix, did not perform duties that fell under the classification of managerial or confidential and that they shared a community of interest with the employees in the PS&T unit. Neither the parties' submissions nor the evidence before the Director demonstrated that the placement was inappropriate (compare 22 PERB ¶ 4023 [1989]; 4 PERB ¶ 3017 [1971]).

We are also unpersuaded by petitioner's contention that PERB acted arbitrarily and capriciously by refusing to allow it to withdraw from the stipulation on the basis that it had "improvidently" entered into it. Stipulations of settlement are favored by the courts and will not be disturbed unless they are sullied by fraud, collusion, mistake or accident (see Hallock v State of New York, 64 NY2d 224, 230 [1984]; Matter of McLaughlin, 97 AD3d 1051, 1052 [2012]), or are unconscionable or otherwise against public policy (see McCoy v Feinman, 99 NY2d 295, 302 [2002]; Matter of Willie L.C., 65 AD3d 683, 685 [2009]). In addition, a stipulation may not be invalidated on the basis of unilateral mistake where the mistake arose out of a party's failure to ascertain facts that were available at the time that it entered into the stipulation (see Da Silva v Musso, 53 NY2d 543, 550-552 [1981]; Culver & Theisen v Starr Realty Co. [NE], 307 AD2d 910, 911 [2003]; Lowe v Steinman, 284 AD2d 506, 508 [2001]; cf. Matter of Frutiger, 29 NY2d 143, 150-151 [1971]).

Here, petitioner's sole basis for seeking rescission of the stipulation was that it failed to equip the impacted agencies with the training necessary to determine whether an employee was performing in a managerial or confidential capacity and that it, therefore, "ha[d] reason to believe that certain of the employees continue[d] to perform duties that are appropriately deemed managerial or confidential." Having entered into the stipulation of settlement roughly 2½ years after PEF filed the underlying representation petition with PERB, petitioner had sufficient time to investigate and discover the nature of the duties assigned to the employees in the 250 at-issue positions, and its failure to do so in a timely manner does not warrant invalidation of the stipulation of settlement (see Da Silva v Musso, 53 NY2d at 550-552; Vermilyea v Vermilyea, 224 AD2d 759, 761 [1996]). Moreover,

petitioner did not identify those employees that they assert were improperly placed into the PS&T unit or provide any evidence to substantiate its conclusory claims (see Broadway Famous Party Rental v Cipriani 5th Ave., 289 AD2d 45, 45 [2001]; Matter of Matinzi v Joy, 96 AD2d 780, 781 [1983], affd 60 NY2d 835 [1983]). Accordingly, we decline to disturb PERB's determination.

To the extent that petitioner's remaining arguments have not been expressly addressed herein, we have reviewed them and find them to be without merit.

McCarthy, J.P., Garry, Lynch and Devine, JJ., concur.


ORDERED that the judgment is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court