Aarons, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Public Employment Relations Board finding that respondent City of Albany did not commit an improper employer practice in violation of Civil Service Law § 209-a.
*1237 Petitioner’s active members include police officers and employees working for respondent City of Albany. Since the late 1980s, the City consistently reimbursed petitioner’s active members for their Medicare Part B monthly premiums upon their retirement. In October 2008, the City sent a notice to all retirees of various changes to the City’s offered health plans. With regard to Medicare Part B reimbursements, this October 2008 notice advised the retirees that “[u]nder the City’s current policy, the City will reimburse you the Medicare Part B premium on a monthly basis.” A separate notice of the same date was distributed to the active members similarly advising them of various changes to the offered health plans but did not mention anything about Medicare Part B reimbursements. In October 2009, the City sent a notice to all retirees advising them again of changes to the offered health plans. This notice further stated that, as of December 31, 2009, the City would no longer reimburse Medicare Part B premiums whose effective date for Part B was January 1, 2010. An October 2009 notice was sent to all active members that also advised them of changes to the offered health plans but, once again, omitted any reference to Medicare Part B premium reimbursements.
As a result of the change, petitioner filed an improper practice charge with respondent Public Employment Relations Board (hereinafter PERB) alleging that the City violated Civil Service Law § 209-a (1) (d) by, among other things, unilaterally discontinuing the practice of reimbursing Medicare Part B monthly premiums to retirees. After a hearing, an Administrative Law Judge (hereinafter ALJ) dismissed the charge on the basis that no violation of the Civil Service Law occurred because “retirees are not covered by the [Public Employees’ Fair Employment Act] and the City has made no announcement to current bargaining unit members of its intention to cease . . . and/or terminate certain Medicare Part B premium reimbursements.” Upon administrative appeal, PERB upheld the ALJ’s determination, albeit on different grounds, by concluding that petitioner failed to carry its burden of establishing the existence of past practice. PERB explained in its decision and order that the October 2008 notices “eliminated or altered various plans and benefits” and, therefore, interrupted any past practice of reimbursement of Medicare Part B monthly premiums. PERB also found that the phrase, “under the City’s current policy,” as provided in the October 2008 notice to retirees, “served to provide notice that such policy [of reimbursing Medicare Part B premiums] could not be relied *1238 upon to continue indefinitely.” Petitioner commenced this CPLR article 78 proceeding seeking to annul PERB’s determination. The matter was thereafter transferred to this Court.
As an initial matter, contrary to petitioner’s assertion, PERB did not exceed its jurisdiction of review by affirming the ALJ’s decision on different grounds inasmuch as the issue of whether the City had an enforceable past practice was raised and developed at the formal hearing (see Matter of New York City Tr. Auth. v New York State Pub. Empl. Relations Bd., 78 AD3d 1184, 1186-1187 [2010], affd 19 NY3d 876 [2012]; see generally Matter of Civil Serv. Empls. Assn. v Public Empl. Relations Bd., 73 NY2d 796, 798 [1988]).
Turning to the merits, whether the reimbursement of Medicare Part B premiums was a past practice depends on whether such “practice was unequivocal and was continued uninterrupted for a period of time under the circumstances to create a reasonable expectation among the affected unit employees that the practice would continue” (Matter of Manhasset Union Free School Dist. v New York State Pub. Empl. Relations Bd., 61 AD3d 1231, 1233 [2009] [internal quotation marks, brackets and citations omitted]; see generally Matter of Unatego Non-Teaching Assn. v New York State Pub. Empl. Relations Bd., 134 AD2d 62, 64 [1987], lv denied 71 NY2d 805 [1988]). “[T]he expectation of the continuation of the practice is something that may be presumed from its duration with consideration of the specific circumstances under which the practice has existed” (Matter of Town of Islip v New York State Pub. Empl. Relations Bd., 23 NY3d 482, 492 [2014] [internal quotation marks and citation omitted]).
We review PERB’s determination rendered after a hearing by examining whether such determination is supported by substantial evidence (see Matter of Chenango Forks Cent. Sch. Dist. v New York State Pub. Empl. Relations Bd., 21 NY3d 255, 265 [2013]; Matter of City of New York v New York State Pub. Empl. Relations Bd., 103 AD3d 145, 148-149 [2012], lv denied 21 NY3d 855 [2013]; Matter of Sliker v New York State Pub. Empl. Relations Bd., 42 AD3d 653, 653 [2007]; see generally CPLR 7803 [4]). “A reviewing court in passing upon this question of law may not substitute its own judgment of the evidence for that of the administrative agency, but should review the whole record to determine whether there exists a rational basis to support the findings upon which the agency’s determination is predicated” (Matter of Purdy v Kreisberg, 47 NY2d 354, 358 [1979] [citations omitted]; see Matter of Romaine v Cuevas, 305 AD2d 968, 969 [2003]).
*1239 Upon a review of the whole record, we conclude that a rational basis does not exist to support PERB’s determination. The City has been reimbursing the retirees for their Medicare Part B monthly premiums for over 20 years. At the hearing, several witnesses testified as to their understanding and expectation that the City would reimburse them for their Medicare Part B monthly premiums upon their retirement and that such reimbursements would continue for the rest of their life (see Matter of Chenango Forks Cent. Sch. Dist. v New York State Pub. Empl. Relations Bd., 21 NY3d at 267; Matter of Fashion Inst. of Tech. v New York State Pub. Empl. Relations Bd., 68 AD3d 605, 605 [2009]). In addition, one witness testified that during negotiations with the City, the topic of reimbursement for Medicare Part B monthly premiums was raised but the City felt it was unnecessary to formalize such benefit into the collective bargaining agreement because everyone knew that it would last “forever.” Notably, neither PERB nor the City disputes the fact that the City had reimbursed retirees for their Medicare Part B premiums upon their retirement.
PERB nonetheless determined that a past practice of reimbursements did not exist based on the documentary evidence, i.e., the separate October 2008 notices sent to retirees and active members. We conclude that such documentary evidence does not provide “a rational basis to support the findings upon which [PERB’s] determination is predicated” (Matter of Purdy v Kreisberg, 47 NY2d at 358). In this regard, although the October 2008 notice that was sent specifically to active members advised them of various changes to the health plans offered by the City, it was entirely silent as to the reimbursement of Medicare Part B premiums. Furthermore, contrary to PERB’s finding, the other October 2008 notice and the language therein — specifically, “under the City’s current policy” — could not have apprised petitioner’s active members that the reimbursement of Medicare Part B monthly premiums would not continue indefinitely because this notice was only to retirees, who petitioner does not represent. For this reason, PERB’s conclusion that petitioner never objected to the City’s proposed modifications of Medicare Part B reimbursements lacks evidentiary support inasmuch as petitioner’s active members did not have notice of any potential changes to which an objection could be lodged. Finally, even if petitioner or its active members had received adequate notification, we find that the five words — “under the City’s current policy” — do not constitute substantial evidence connoting either the absence of a past practice of reimbursing Medicare Part B monthly *1240 premiums by the City, especially when the record as a whole demonstrates that there was no formal policy for such reimbursements and the City continually reimbursed the retirees for such monthly premiums for a significant period of time, or that such practice would only be temporary. In view of the foregoing, because PERB’s determination is not supported by substantial evidence, it must be annulled.
Garry, J.P., Egan Jr., Rose and Devine, JJ., concur.
Adjudged that the determination is annulled, without costs, and petition granted.