New York State Workers' Compensation Bd. v A&T Healthcare, Inc. (2019 NY Slip Op 02599)





New York State Workers' Compensation Bd. v A&T Healthcare, Inc.


2019 NY Slip Op 02599


Decided on April 4, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 4, 2019

527140

[*1]NEW YORK STATE WORKERS' COMPENSATION BOARD et al., Respondents,
v
A & T HEALTHCARE, INC., Now Known as A & T HEALTHCARE, LLC, et al., Defendants, and MOTHERLY LOVE HOME CARE SERVICES INC., Appellant.

Calendar Date: February 13, 2019

Before: Garry, P.J., Egan Jr., Lynch, Devine and Rumsey, JJ.


Powers & Santola, LLP, Albany (Michael J. Hutter of counsel), for appellant.
New York State Workers' Compensation Board, Schenectady (Todd Roberts of counsel), for respondents.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from an order of the Supreme Court (Hartman, J.), entered November 29, 2017 in Albany County, which denied a motion by defendant Motherly Love Home Care Services Inc. to vacate two settlement agreements.
In 2009, plaintiff Workers' Compensation Board (hereinafter the Board) assumed the administration of plaintiff Healthcare Providers Self-Insurance Trust (hereinafter the trust) — a group self-insured trust that was created to provide workers' compensation coverage to defendants' employees (see Workers' Compensation Law § 50 [3-a]; 12 NYCRR 317.2 [i]; 317.3). The trust had become insolvent, with an asserted deficit calculated at $132.5 million. Each member of the trust is jointly and severally liable for the deficit for the period of time that the member participated in the trust pursuant to Workers' Compensation Law § 50 (3-a) (3) and (7) (b), as well as written agreements between the trust and the members. Defendant Motherly Love Home Care Services Inc. (hereinafter defendant), a business that provides home health care services to pediatric patients, belonged to the trust during two separate periods — from January 29, 1999 to April 26, 2003 and from July 30, 2003 to October 31, 2005.
In November 2013, plaintiffs commenced this action seeking to recover the trust deficit from defendant, as well as other employer-members of the trust, jointly and severally, in addition to fees under State Finance Law § 18. In December 2016, the Board and defendant executed two settlement agreements — the first for the amount of $41,249 representing defendant's membership from 1999 to 2003 (hereinafter agreement No. 1), and the second for $33,794.16 representing the [*2]period from 2003 to 2005 (hereinafter agreement No. 2) — with an option to pay both agreements over 10 years in total monthly installments of $742 as specified in attachments to each agreement. After receiving two separate invoices to make a payment for each settlement agreement, defendant moved to vacate the settlement agreements based on mistake, contending that it believed that it had only signed duplicate copies of agreement No. 2. Supreme Court denied the motion. Defendant appeals.
We affirm. The thrust of defendant's argument is that its representative believed he was just signing agreement No. 2, and that defendant could only afford the lesser sum due under agreement No. 2. This contention is unavailing. Settlement agreements are favored by the courts and, under settled contract principles, should not be set aside "absent a showing of good cause such as fraud, collusion, mistake or duress; or unless the agreement is unconscionable" (McCoy v Feinman, 99 NY2d 295, 302 [2002] [internal citations omitted]; see IDT Corp. v Tyco Group, S.A.R.L., 13 NY3d 209, 213-214 [2009]). The focus here is on defendant's purported unilateral mistake. The agreements are each 12 pages long with the same core provisions. That said, agreement No. 1 identifies "Motherly Love Home Care Service Inc." as the member and specifies the amount due at $41,249.88 for the period in question in three separate places. Agreement No. 2 identifies the member as "Motherly Love Home Care Services Inc. — 1" and specifies the amount due of $33,796.14 for the relevant period in three separate places. Having possession of these documents, defendant certainly had the means to ascertain that they represented separate agreements, particularly given that defendant was represented by counsel (see Da Silva v Musso, 53 NY2d 543, 550-551 [1981]; Matter of State of New York v Public Empl. Relations Bd., 137 AD3d 1467, 1469 [2016]). But there is more here than simply holding defendant "bound by [the] contents" of the documents that its representative signed
(Da Silva v Musso, 53 NY2d at 559). After receiving a response to the proposed agreements from defendant's counsel, the Board's counsel expressly clarified in an email that the two agreements corresponded to the two periods during which defendant was a member of the trust, with agreement No. 1 based on the first period and agreement No. 2 based on the second. Further, after defendant returned only a signed agreement No. 1 with the attachment that corresponded to agreement No. 2, the Board's counsel again advised of the error, and defendant responded by providing a signed agreement No. 2 with directions as to the payment options for the agreements.
Given the distinct terms of the two agreements and the clarifications provided by the Board's counsel before defendant signed and returned both agreements, defendant's claim of mistake fails. Nor is there any factual basis for defendant's assertion that the agreements were unconscionable (see Barclay Arms v Barclay Arms Assoc., 74 NY2d 644, 646-647 [1989]).
Garry, P.J., Egan Jr., Devine and Rumsey, JJ., concur.
ORDERED that the order is affirmed, with costs.